JOHN H. COON, assignee of Patrick McCabe *v.* ROBERT C. REED.

McC. sold and delivered a horse to R., warranting him to be sound. The horse was delivered Saturday, and was to be paid for the Monday following. On that day R. refused to complete the purchase and pay the money, alleging, as the reason, that the horse was lame, and McC. refusing to take him back, R. sent him to a livery stable, from which, after two or three weeks, McC. took him. The horse was lamed while in R.'s possession. *Held,*—

I. That McC., by taking back the horse, rescinded the contract, and could not recover damages for R.'s breach thereof.

II. That he was entitled, however, to recover, as damages, from R. the expenses to which he had been put in curing the horse of his lameness, and the keep of the horse at the livery stable.

III. But, there being no proof as to these expenses, the complaint was properly dismissed.

APPEAL by plaintiff from a judgment of the Fourth District Court. The facts are fully stated in the opinion of the court.

_H. P. Townsend_, for the appellant.

_G. O. Hulse_, for the respondent.

BRADY, J.—The assignor of the plaintiff sold and delivered a horse to the defendant on a Saturday, and the defendant promised to pay the price demanded on the following Monday. He declined, however, to do so, alleging that the horse was lame, and that the warranty of soundness given at the time of the sale had been violated. The defendant then insisted upon the vendor's taking back the horse, which being declined he sent him to a livery stable. After he had remained there for some weeks, the vendor took him into his possession, and having assigned the claim which he made against the defendant, this action was brought to recover for the expenses incurred in curing the horse, the amount paid for his keeping, and the loss sustained by the failure of the defendant to perform his agreement. After proof of the facts and the damages, the justice dismissed the complaint, upon the ground that the contract had been rescinded by the vendor, and that he had, therefore, no cause of action. The proof, in the case, establishes the fact that the horse was not lame at the time of the sale and delivery, and, in the absence of proof to the contrary, the legal presumption is, that he was lamed while in the possession of the defendant, and intermediate the delivery and the demand of payment, and the day agreed upon. The right of the vendor to have sued upon the original contract seems to be conceded. The sale was perfect, and the vendor was not obliged to take the horse back in the absence of proof

Coon v. Reed.

of fraud, or the violation or falsity of the warranty. The defendant, having sent the horse to livery, was responsible for his keep, there being no privity between the keeper of the horse and the vendor. The latter, however, by reducing the horse again to his possession, waived his right of action for the price, and rescinded the contract of sale. In *James* v. *Colton* (7 Bing. 266), the plaintiff engaged to let land to the defendant on building leases, and to lend him £6,000 to assist him in the erection of twenty houses on the land. The defendant agreed to build the houses and convey them as security for the loan, which was to be paid at a time agreed upon. When the six houses had been built, and part of the £6,000 had been advanced, the plaintiff requested the defendant not to go on with the other fourteen houses, and the defendant desisted. It was held that this amounted to a recision of the contract by mutual consent, and the plaintiff was allowed to recover the amount advanced, on a count for money lent. And although the contract here might be regarded as rescinded, the vendor was entitled to be placed in *statu quo*. The contract being rescinded, the recision extended back to the Saturday when the horse was delivered, and the defendant would be liable, as a bailee, for damages, on proper proof; but whether that be so or not, the defendant having received the horse on a contract of sale which he refused to perform, and the horse presumptively having been injured in his possession, the plaintiff was entitled to be placed in *statu quo*, and I think he was also entitled to recover for the expenses of curing the lameness of the horse, by way of damages. Of this there was no proof, and the judgment was therefore right.

Judgment affirmed.