# City Court.

## Trial Term—December, 1887.

## FIRST NATIONAL BANK, &c., against HARRY DOWIE, JR.

Check.—Mistake.—Rescission.—One O. drew his draft whereby he requested the defendant to pay to the order of R. Lamb, cashier, &c., $500. The payee sent the draft to the plaintiff as agent for collection. The draft was presented to the defendant's book-keeper, who filled up a check on the New York National Exchange Bank in favor of the plaintiff for $500. The check was given to the plaintiff's messenger. Shortly afterwards, the defendant dis covered that the check had been drawn to pay O.'s draft. He thereupon stopped payment of his check, and telegraphed the plaintiff that the check had been given by mistake, and that payment had been stopped. The plaintiff said, "All right, send up the draft, and we will return the check." The defendant thereupon returned the draft. *Held*, that the check did not operate as a payment of the draft, and that the plaintiff having acquiesced in the defendant's claim that there was a mistake, and in this way repossessed itself of the draft, the plaintiff could not recover on the check.

Trial by the court without a jury.

J. Overbalser, at Bellefontaine, Ohio, drew his draft whereby he requested the defendant to pay to the order of R. Lamb, cashier, &c., the sum of $500. The payee sent the draft to the plaintiff herein as agent for collection. The draft was presented to the defendant's book-keeper, who filled up a check on the New York National Exchange Bank in favor of the plaintiff for $500. The defendant signed the check, and his bookkeeper gave it to the messenger of the plaintiff, who in exchange for it gave him the draft. Shortly after the delivery of the

check the defendant was for the first time informed that the check had been drawn to pay the draft. He thereupon stopped payment of the check at his bank, and telephoned the plaintiff that the check had been given by mistake, and that payment had been stopped. The plaintiff answered, "All right ; send up the draft, and we will return the check." The defendant thereupon returned the draft, so that the plaintiff has both check and draft. The action is on the check.

*Peabody, Baker & Peabody*, for plaintiff.

*Estes, Barnard & Olendorf*, for defendant.

McAdam, Ch. J.—The surrender of the draft was in the first instance a good consideration for the check, but the action of the plaintiff, when it was informed of the defendant's mistake and act, destroyed the effect of the exchange made. The plaintiff acquiesced in the defendant's claim that he had made a mistake, and consented to rectify it if he would return the draft. The defendant thereupon returned the draft, and the acceptance of it effectually rescinded what had previously been done (Coon *v.* Reed, 1 *Hilt.* 511 ; Collins *v.* Brooks, 20 *How. Pr.* 32). The giving of the check did not pay the draft; nothing short of payment of the check could operate as payment of the draft (Burkhalter *v.* Second National Bank, 40 *How. Pr.* 324). The defendant did not intend to pay the draft; he made a mistake, which the plaintiff consented to rectify. The plaintiff accepted a return of the draft, and ought to have returned the defendant's check. The plaintiff has lost nothing by the act of the defendant, nor has it in consequence altered its position. The defendant testified that he had no funds belonging to the drawer of the draft; on the contrary, that the drawer was indebted to him. While the payee of the draft is presumably a *bona fide* holder thereof for value. and the plaintiff, as

trustee of an express trust, represents such holder, there is nothing implied from this circumstance that requires the defendant to accept or pay the draft against his will. The equities are all with the defendant, and he is entitled to judgment.