### TURNER v. BANK OF FOX LAKE.

*Payment of Draft by Check not good till Check is paid.*

When a draft is presented for payment and a check is given in payment, the payment of the draft thereby is conditional on the payment of the check; and as against the drawer, is no payment until the check is paid. The stamping the draft as paid on receiving the check does not exonerate the drawer from his liability to pay the same. . . .

*B. F. Mudgett* for Respondent.

*A. Gibbs* for Appellant.

GROVER, J.—The question in this case is whether the Defendant was discharged as drawer of the first draft, as its supposed liability as such was the sole consideration upon which the one in suit was drawn, and that was drawn in ignorance of the facts upon which it is now claimed such liability had been discharged. The question is not affected by the fact that funds had been placed in the hands of the drawer by the drawee for the purpose of paying this particular draft, as the liability of the latter in such a case is the same as it is when the former is in funds for the payment of the general drafts of the drawer. The first ground upon which the Defendant claims to have been discharged is, that the Nassau Bank, the agent of the holder for the collection of the first draft, accepted the check of the drawer for its amount, drawn upon a city bank, upon presenting the draft for payment at the place of business of the drawer in the city of New York. Payment of such check was refused by the bank. So far as the drawer is concerned it is clear that the check was no payment. He therefore did not pay the draft. The obligation of the Defendant was that he should pay upon presentation. The draft was presented and payment neglected by the drawer, giving the check no payment as to him unless paid. That created a contingent liability against Thompson, the drawer, and may be regarded as equivalent to the taking by a creditor of an obligation against a third person from his debtor, on account of a previous debt. The law is

settled in this State that this does not amount to payment of the debt (Porter *v.* Talcott, 1 Cow. 357; Vail *v.* Foster, 4 N.Y. 312). If the obligation is taken pursuant to an agreement to take the same in payment the rule is different. There is no claim in the present case that there was any agreement to take the check in payment. It did not therefore extinguish the obligation of the Defendant. That obligation was to pay the draft to the holder if the drawer failed to pay upon presentation, in due time, and the requisite notice thereof was given to the Defendant. Stamping upon the draft the word paid by Thompson, and charging the amount to Defendant, was wholly immaterial. The evidence showed that it was not paid, and thus any presuming arising from the stamping was completely overthrown. Had the holders' agent been guilty of laches in presenting the check, such laches would have discharged the Defendant. The evidence shows that it was presented the next day after it was drawn, through the clearing house, and payment refused, and also that this was the regular course of business for presenting checks drawn upon banks in New York. There was no laches in thus presenting it. No question is made but that the requisite notice of non-payment was served upon Defendant. My conclusion is that the Defendant was properly charged upon the first draft, and that therefore the judgment should be affirmed.

All affirm, except Davies and Bockes.