CHARLES BURKHALTER and others, Respondents, v. THE SECOND NATIONAL BANK OF ERIE, PA., Appellants.

The giving a check by the drawee, on presentation of a draft and its delivery to him, is not of itself payment, in the absence of an agreement that the check should be received as payment; and, upon such check being dishonored, the holder of the draft may disregard the transaction, reclaim the draft, present the same anew and protest it for non-payment, so as to charge the drawer, if done within a reasonable time after it was originally received by him.

The plaintiffs, as holders of a draft drawn by the defendant upon C. P. & Co., presented the same for payment the day they received it, March, 26th. The drawees gave their check to the plaintiffs, receiving the draft from them, and charged the amount to the defendant. On the following day (27th), the check was presented in the ordinary course of business through the clearing house, and was dishonored. The plaintiffs, thereupon, returned the check and reclaimed the draft, which they caused to be again presented, and payment being refused, protested, notice of protest being mailed on the next day (28th). The drawees, C. P. & Co., failed on the 27th.—*Held*, that the defendant was liable on the draft. Presentation on the 27th and notice of protest on the 28th was all the law required to charge the drawer, the giving a check on the 26th being neither payment nor refusal to pay.

*Held*, further, that, although the drawees had money on hand sufficient to pay the draft when they gave their check, and the plaintiffs would probably have received payment in money if they had demanded it, and although the bank upon which the check was drawn certified and paid certain checks of C. P. & Co. on the 26th, and even on the 27th, before this check was presented (but without having any of their funds), and would perhaps have certified or paid this check, if presented on the 26th, these facts did not show any negligence on the part of the plaintiffs, or discharge the defendant.

(Argued January 15th, 1870; decided March 19th, 1870.)

APPEAL from a judgment entered upon the decision of the General Term of the Supreme Court, in the first judicial district, upon exceptions there heard in the first instance, ordering judgment to be entered upon a verdict in favor of the plaintiffs.

On the 24th day of March, 1866, at Erie, Pa., the defendant drew a draft for $1,166.89, in favor of Johnson & Brevillier, who resided at Erie, on Culver, Penn & Co., of New

York; Johnson & Brevillier indorsed and at once for-warded the draft to plaintiffs, who received and credited the same on their indebtedness to the plaintiffs. The draft was received by the plaintiffs at the city of New York, by mail, on the morning of the 26th day of March, about nine o'clock, and they presented it soon after to Culver, Penn & Co. for payment, and received their check on the Third National Bank of New York for the amount of the draft. Culver, Penn & Co. took up the draft, and immediately charged it on their books to the defendant, the drawer of the same, and it was so charged in the account current sent to the defendant the next day by Culver, Penn & Co.

This check was not presented to the Third National Bank to be certified on the 26th of March, nor for payment until the next day, the 27th, when it was presented through the clearing house, according to the usual course of business in New York in such cases, and payment was then refused, Culver, Penn & Co. having failed on that day. The plaintiffs thereupon returned the check to Culver, Penn & Co., and received back the original draft, which they again, on the 27th day of March, about three o'clock, P. M., caused to be presented for payment to Culver, Penn & Co, by a notary public. Payment being refused, the draft was then protested for non-payment, and notices of protest were sent off the next day, March the 28th.

The evidence shows, that when the draft was first pre-sented on the 26th of March, defendant had funds with Cul ver, Penn & Co., to an amount more than sufficient to pay the draft; and that Culver, Penn & Co. had currency on hand, during the whole day, to the amount of $12,000 or upward. Culver, Penn & Co. had no funds in the Third National Bank on the 26th or 27th day of March, but, on the 26th, the bank continued to pay their checks, under the expectation that they would make their account good. If plaintiffs had demanded the currency on the draft of Culver, Penn & Co. on the 26th, or early in the day of the 27th, it would most probably have been paid; but if all the persons,

who, during the same time presented drafts on them, had demanded currency, they could not have paid them all.

After this draft was returned, the defendant took it up and gave in the place of it the one upon which suit is brought, believing that the plaintiffs had taken due diligence as to the first draft, and that it was liable to take it up. It defends this draft on the ground, that it was given under a mistake of facts for the first one from which it had been discharged.

Judgment was rendered for the plaintiffs; and from a judgment of affirmance at a General Term of the Supreme Court, in the city of New York, an appeal has been taken to this court.

*Hooper C. Van Vorst,* for the appellant, insisted that the plaintiffs accepted the check, instead of money, at their own risk, and that their delay in presenting it discharged the defendant. That the plaintiff made the draft payable on the 26th, by presenting it on that day, and could not then extend the payment until the 27th. He cited *Kobbe* v. *Clark* (Seld. Notes of Cas., No. 4, p. 11, Oct. 7, 1853); *E. Cauldwell & Sons* v. *George Sanderson & Son* (Bankers' Mag., vol. 8, N. S., p. 962); *Nunnemaker* v. *Lanier* (48 Barb., 234); Story on Bills, 549; Chitt. on Bills, 369; Edwards on Bills, 506; *Com. Bank of Penn.* v. *Un. Bank of New York* (1 Kern., 214); *Platt* v. *Foot* (5 Seld., 463).

*Enoch L. Fancher,* for the respondent, on the question of diligence on the part of the plaintiffs, cited *Benton* v. *Martin* (31 N. Y., 385); *Merchants' Bank* v. *Spicer* (6 Wend., 443); *Harker* v. *Anderson* (21 Wend., 373); *Hazelton* v. *Colburn* (2 Abb. N. S., 202); *Beeching* v. *Gower* (5 Hilt., 313); *Mohawk Bank* v. *Broderick* (10 Wend., 304); 1 Abb. Dig., 451; *United States* v. *Davis* (2 Hill, 451); *Howard* v. *Ives* (1 Hill, 263); *Cuyler* v. *Stevens* (4 Wend., 566). That the check was no payment, he cited *Hill* v. *Beebe* (3 Kern., 556); *Gregory* v. *Thomas* (20 Wend., 17); *Waydell* v. *Luer* (5 Hill, 448); *Cole* v. *Sackett* (1 Hill, 516); *Hawley* v. *Foote* (19

Wend., 516), *Frisbie* v. *Learned* (21 Wend., 452); *Vail* v. *Foster* (4 N. Y., 312); *Crane* v. *McDonald* (45 Barb., 354); *Johnson* v. *Bank of North Am.* (5 Robt., 590); *Bradford* v. *Fox* (38 N. Y., 289); *Turner* v. *Bank of Fox Lake* (3 Keyes, 426).

EARL, Ch. J.  The plaintiffs were bound to demand payment of the first draft on the day they received it (March 26) or the next day (March 27), and they had the *right* to hold it until the 27th.  The draft being payable on demand, they were bound to use reasonable diligence in demanding payment, and a demand on the same day, or the next day, is, in the law, a demand within a reasonable time.  (Chitty on Bills 377; Spring'fd ed. of 1842; *Harker* v. *Anderson*, 21 Wend., 372; *Smith* v. *Jones*, 20 Wend., 192; *Benton* v. *Martin*, 31 N. Y., 385; *Merchants' Bank* v. *Spicer*, 6 Wend., 443; *Hazleton* v. *Colburn*, 2 Abb. N. S., 199.)

It was sufficient to give the notice of demand and refusal on the next day, the 28th of March.  (*Farmers' Bank of Bridgeport* v. *Vail*, 21 N. Y., 485; *Howard* v. *Ives*, 1 Hill, 263.)

Therefore, in demanding payment of this draft on the 27th and mailing notices of non-payment on the 28th, the plaintiffs did all that the law required of them, and the defendant was charged as drawer of the draft, unless it was discharged by what took place on the 26th.  On that day the draft was neither paid nor refused to be paid.  Culver, Penn & Co. gave their check for it, and the check was in due time, the next day, in the ordinary course of business, through the clearing-house, presented for payment and payment refused.  There was no agreement to receive the check in payment.  It was taken by the plaintiffs in the usual course of business, they believing that it would be paid.  They, then, on the 27th, returned the check and reclaimed the draft, and demanded payment upon it.  The check did not for a moment operate as a payment of the draft, and the whole transaction does not show the absence of any diligence, which

the defendant had a right to demand of the plaintiff. It is settled that, upon precisely such a state of facts, the drawer and indorser of a draft are not discharged. (*Johnson* v. *Bank of North America,* 5th Robertson, 590; *Smith* v. *Miller,* 6 Robt., 157, 413; *Turner* v. *Bank of Fox Lake,* 3 Keyes, 425.) Without a critical examination of earlier cases, I propose to rest the decision of this case upon the authority of the case last cited. The facts of the two cases are as nearly alike as they can be, and the principle involved is precisely the same. The judgment must, therefore, be affirmed.

For affirmance, EARL, Ch. J., GROVER, HUNT, INGALLS and SMITH, JJ. For reversal, FOSTER and LOTT, JJ.

Judgment affirmed.