EDWARD INDIG, Respondent, v. THE NATIONAL CITY BANK OF BROOKLYN, Appellant.

Plaintiff deposited with defendant, for collection, a note to which there was no indorser save the maker, payable at the Bank of Lowville, of which bank the maker was a customer. Defendant sent the note by mail to that bank, which was an ordinary method of transacting such business. The note reached said bank the day it fell due; upon the next day it sent its draft on New York in payment, and on the same day failed. The maker had not quite sufficient on deposit to pay the note; the deficit was made up after the failure. Defendant received the draft the next day, which was Saturday, after business hours; it forwarded it on Monday morning, in the usual course of business, to the clearing-house in New York, and it was returned "not good." Defendant immediately gave plaintiff notice of non-payment. In an action to recover the amount of the note, because of alleged negligence, held (MILLER, EARL and DANFORTH, JJ., dissenting), that plaintiff was properly nonsuited; that as there was no evidence that the maker was insolvent, it did not appear that plaintiff sustained any damage; that the receipt of the draft was not a payment, and did not discharge him from liability.

Also, held, by RAPALLO, FOLGER and ANDREWS, JJ. (MILLER, EARL and DANFORTH, JJ., dissenting), that by sending the note to the Bank of Lowville by mail, defendant did not constitute that bank its agent to receive payment, but simply presented the draft through the mail for payment; that no relation was created between defendant and said bank by presentment in this manner different from what would have existed had the note been sent through any other agency; that if presented by a sub-agent the latter would have been justified in accepting a draft for the amount; also, that there was no negligence in forwarding the draft.

Indig v. Nat. City Bk. of B'klyn. (16 Hun, 200), reversed.

(Argued January 20, 1880; decided February 24, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial, and granting a new trial. (Reported below, 16 Hun, 200.)

This action was brought to recover the amount of a promissory note, deposited with defendant by plaintiff for collection, which amount, it was alleged, was lost through defendant's negligence.

The note was so deposited December 21, 1877; it was for $1,000, payable at the Bank of Lowville to the order of the maker, and was indorsed by him.. Defendant forwarded the note to that bank by mail; it was received December 27, 1877, the day it fell due. The maker of the note was a depositor with the Bank of Lowville.; he lived at Watertown, about thirty-two miles from Lowville. On the day of the maturity of the note he did not have on deposit with the Bank of Lowville funds sufficient to pay the note, lacking about thirty dollars; this he afterwards paid. The Bank of Lowville forwarded the note to him by mail the day of its receipt, and on the next day sent to defendant a draft on New York for the amount, less exchange; it closed its doors on that day, and made an assignment. This draft was received by the defendant Saturday, December 29, 1877, and was forwarded to the clearing-house in New York on Monday, December 31, 1877. It was returned January 2, 1878, marked "not good," of which plaintiff was immediately notified.

*William H. Hollis*, for appellant. The relation between the parties was that of principal and agent. (*Allen* v. *Merchants' Bank*, 22 Wend., 215; *Bank of Mobile* v. *Higgins*, 3 Ala., 206.) There was no lack of diligence or negligence on the part of defendant in presenting the note for payment. (*Windham Bank* v. *Norton*, 22 Conn., 213; 2 Parsons, 105; *Percy* v. *Millandon*, 10 Martin's, 35; 1 Parsons, 81, 85; Wharton on Agency, § 781; *Heywood* v. *Pickering*, 9 L. R. [Q. B.], 428; *Prideaux* v. *Criddle*, L. R. [4 Q. B.], 461; *Shipsey* v. *Bowery National Bank*, 59 N. Y., 485.) The defendant incurred no liability by adopting a draft on New York as the mode of bringing the proceeds of the note to its own counter. (*Knight* v *Lord Plymouth*, 3 Atkyns, 480; *In re Parsons*, Amblers, 218; *Russell* v. *Hanky*, 6 Term, 13; *Percy* v. *Millandon*, 18 Martin's, 35.) The defendant is not liable for any loss resulting from the insolvency of the Bank of Lowville. (*Allen* v. *The Mer-*

*chants' Bank of New York*, 22 Wend., 215; *In re Brown*, 2 Story's R., 519; *Johnson* v. *The Bank of North America*, 5 Robt., 554.) The plaintiff, after full knowledge of all the facts, ratified the methods adopted by the defendant for the collection of the note. (*Potter* v. *Merchants' Bank*, 28 N. Y., 648.) The methods which defendant adopted in the collection of the note, secured and preserved all the rights and remedies of the plaintiff against the maker. (*Everett* v. *Collins*, 2 Camp., 515; *First National Bank* v. *Leach*, 52 N. Y., 350; *Marine National Bank* v. *The City National Bank*, 59 id., 67; *Johnson* v. *The Bank of North America*, 5 Robt., 554; Story on Agency, § 452; *Hern* v. *Nichols*, 1 Salk., 289.) Defendant was not guilty of any act of negligence nor of any omission upon which plaintiff can ground a cause of action. (*Wilks* v. *Groom*, 3 Drewry, 584; *Adams* v. *Claxton*, 6 Vesey, Jr., 225; *First National Bank of New Jersey* v. *Leach*, 52 N. Y., 350; *Kobbe* v. *Clark*, Selden notes [October, 1853], 11.) The plaintiff, to maintain his action under the pleadings, was bound to show both negligence and damage. (*First National Bank of Meadville* v. *Fourth National Bank of New York*, 19 Albany Law Journal, 438; *Van Wart* v. *Wooley*, 5 Dowl. & Ryl., 374; *Allen* v. *Suydam*, 20 Wend., 327; *Conroy* v. *Warren*, 3 Johns. Cas., 259; *Bank of Mobile* v. *Higgins*, 3 Ala., 217.)

*A. Blumenstiel*, for respondent. The acceptance of the draft instead of money for the note released the maker from all liability thereon. (*Commercial Bank* v. *Union Bank*, 11 N. Y., 211; *First National Bk. of Jersey City* v. *Leach*, 52 id., 350; *Smith* v. *Miller*, 43 id., 171; *Brower* v. *Jones*, 3 J. R., 230; *Hood* v. *Garner*, 3 Sand., 179; *Smeads* v. *Utica Bank*, 20 J. R., 384; 3 Cowen, 662; *McKinster* v. *Bank of Utica*, 9 Wend., 46; 11 id., 473; *Curtis* v. *Leavitt*, 15 N. Y., 167; *Walker* v. *Bank of State of New York*, 9 id., 582; *Bridge* v. *Mason*, 45 Barb., 39; *Montgomery County Bank* v. *Albany City Bank*, 8 Barb., 396; *Commercial Bank* v. *Union Bank*, 11 N. Y., 211; *Allen* v. *Mer-*

*chants' Bank*, 22 Wend., 215.) The defendant by forwarding the note direct by mail to the bank of Lowville, made that bank its agent for the collection thereof, and became liable for its act to the same extent as if the defendant had sent it to another person to be presented, and he had accepted the draft of the Lowville bank instead of money. (*Allen* v. *Merchants' Bank*, 22 Wend., 215.) There was sufficient consideration to charge the defendant. (*Allen* v. *Merchants' Bank*, 22 Wend., 215; *Ayrault* v. *Pacific Bank*, 47 N. Y., 573; *Shipsey* v. *Bowery Nat. Bank*, 59 id., 485.) Defendant had no right to accept a draft on New York, in lieu of money, nor so to act in relation to the collection of the note as to be compelled to accept the draft. (*First Nat. Bank* v. *Leach*, 52 N. Y., 350; *Smith* v. *Miller*, 43 id., 171; *Meads* v. *Merchants' Bank*, 25 id., 148; *Pratt* v. *Foote*, 9 id., 409; *Nunnemaker* v. *Lanier*, 48 Barb., 234; *Kobbe* v. *Clark*, Seld. note of cases, 11 October, 1853; *Bradford* v. *Fox*, 39 Barb., 203.) The retention by the defendant of the draft of the bank of Lowville, from three o'clock of the twenty-ninth of December until January second, without presenting the same to the drawee, was negligence for which it is liable. (*Smith* v. *Miller*, 43 N. Y., 174–176; *Brower* v. *Jones*, 3 J. R., 230; *Hood* v. *Garner*, 3 Sand., 179.)

RAPALLO, J. The note which was placed by the plaintiff in the hands of the defendant for collection was payable at the Bank of Lowville, and it was consequently the duty of the defendant to present it to that bank for payment. The first question which arises in the case is whether the defendant was guilty of any negligence in the manner of presentment, from which the plaintiff sustained damage. It must be borne in mind that there were no indorsers on the note and that all that was to be done was to demand payment. The defendant instead of sending the note to an agent or correspondent at Lowville for presentment, sent it by mail, directly to the bank where it was payable. This appears to

be an ordinary method of transacting such business, and the defendant was bound only to adopt the ordinary mode. It is sanctioned in England in the cases of *Heywood* v. *Pickering* (9 L. R. [Q. B.], 428); *Prideaux* v. *Criddle* (4 id., 461); *Bailey* v. *Bodenham* (16 C. B. [N. S.], 295); *Hare* v. *Henly* (10 id., 65), and in this State in *Shipsey* v. *Bowery Nat. Bank* (59 N. Y., 485). But however this may be, no injury appears to have resulted from this mode of presentment, for the note reached the bank on the twenty-seventh December the day it was due, and the bank recognized the presentment by remitting a draft in payment. The loss occurred through the subsequent failure of the bank and the consequent non-payment of the draft. The same result ensued which would have taken place if the defendant had sent the note to a third party as sub-agent, for collection. Such sub-agent would have been authorized under the circumstances of the case to surrender the note to the bank on receiving its draft on New York, because the proceeds were not to be used in Lowville but to be transmitted to the defendant in New York or Brooklyn. There is no proof in the case that if the note had been presented by a third party at the counter of the bank of Lowville it would have been paid in cash, but assuming that it would, it would have been the duty of the agent to transmit the funds to the defendant, and a proper method of doing this would have been to purchase a draft on New York. There being nothing in the case to show that the Bank of Lowville was not in good credit at the time, the sub-agent would have been authorized to purchase its draft, with the proceeds of the note. Instead of going through these useless formalities he might properly have taken the draft in the first instance. No damage was caused therefore by not employing a sub-agent. Besides it appears to be a usual mode of transacting such business to collect paper payable at a bank at a distance in the manner which the defendant adopted.

The draft was not sent forward until the twenty-eighth, the note being due on the twenty-seventh. But it does not

appear that this was an unreasonable delay, nor was it even shown that there was any mail after business hours on the twenty-seventh by which the draft could have been sent. The Bank of Lowville was entitled to the whole of the business day of the twenty-seventh within which to pay the note.

Up to this stage no negligence on the part of the defendant is shown. Then was there any shown in collecting the draft ? At what time the defendant received the draft, or what was done with it, appears only from the admissions in the answer, which show that the defendant received the draft on Saturday, December twenty-ninth, after business hours, and sent it in the usual course of business to the clearing-house in the city of New York on Monday morning, December thirty-first, and it was returned to the defendant through the clearing-house in the usual course of business on the second of January not good. It also appears that the defendant gave immediate notice of non-payment to the plaintiff.

The allegation of negligence lies at the foundation of this action, and it is incumbent upon the plaintiff to point out in what respect the defendant has been negligent. So long as it has pursued the ordinary and reasonable methods of making the collection, it is free from fault and we fail to see in what respect they have been departed from. Sending the draft through the clearing-house for collection was the usual and proper mode. *Turner* v. *Bank of Fox Lake* (3 Keyes, 425). The plaintiff however resorts to another ground of liability and contends that by sending the note to the Bank of Lowville the defendant constituted that bank its agent to receive payment of the note, and is therefore liable for the proceeds as having been received by the Bank of Lowville, the last-named bank being deemed to have received the proceeds by charging the amount of the note against its customer, the maker, and by this circuitous mode of reasoning the defendant is sought to be made liable for the solvency of the Bank of Lowville.

We do not think that any such agency was created. The

note, in so far as relates to its presentment at the bank, and the duties of the bank in respect to it, was equivalent to a check drawn by the maker upon the bank where the note was made payable. (*Ætna Nat. Bank* v. *Fourth National Bank*, 46 N. Y., 88.)  The bank owed a duty to its customer to pay it on presentation, if in funds.  The defendant used the United States mail to make the presentment, and by this means caused it to be presented to the bank for payment on the day when due.  It did not deposit it there for collection.  If there had been indorsers, it might be argued that the defendant constituted the bank of Lowville its agent to notify the indorsers of non-payment, but even this is very questionable, for it was held in a similar case that if the proceeds were not remitted the paper should be deemed dishonored and notice of non-payment should be given by the bank which had sent it. (*Bailey* v. *Bodenham*, 16 C. B. [N. S.], 288.)  No such question arises however in the present case, for there were no indorsers. The defendant by sending the note to the bank of Lowville requested it to pay it, not to receive the proceeds.  The object of sending was to extract money from the bank, as agent of the maker of the note, not to put money in the bank as agent of the defendant, or to the credit of the defendant. There is nothing in the nature of the transaction which should render the defendant guarantor of the solvency of the bank of Lowville.  It was recently held by this court in the case of *The People* v. *The Merchants and Mechanics' Bank of Troy*, decided September, 1879,[*] that by sending a check through the mail to the bank on which it was drawn, the sender did not constitute that bank its agent to receive the proceeds.  And, as before said, a note payable at a bank where the maker keeps his account is equivalent to a check drawn by him upon that bank, except that in the case of a note the failure to present for payment does not discharge the maker.  But as far as the question now under consideration is concerned, the effect is the same.  The bank on which

[*] 78 N. Y., 269.

the note is drawn has nothing to do but to pay the note if in funds and if not, to refuse to pay. If it pays, it does so on behalf of the maker, and no relation is created between it and one who presents it by mail, different from that which would exist if presented through any other agency, unless accompanied by a request to do some further act in behalf of the sender, beyond complying with its duty to its own customer.

The case is also defective in respect to the question of damages. It is by no means clear that the maker of the note is discharged. Where a note is payable at a bank an entire failure to present it for payment, does not discharge the maker. (*Walcott* v. *Van Santvoord*, 17 J. R., 248; *Green* v. *Goings*, 7 Barb., 652; *Caldwell* v. *Cassidy*, 8 Cow., 271.) If the maker has not sufficient funds in the bank the omission to present it is of no consequence. If he has funds then he can plead it by way of tender and is relieved from liability only for interest and costs. And even if the bank fails with the funds in its hands, this is no defense to the note. (*Ruggles* v. *Patten*, 8 Mass., 480; *Fenton* v. *Goundry*, 13 East, 473; *Turner* v. *Hayden*, 4 Barn. & Cres., 1.) The bank is in such cases regarded simply as the agent or depositary of the maker of the note or acceptor of the bill, and he alone suffers by its failure, and his promise to pay is not discharged. In this respect only, a note or bill payable at bank differs from a check. Therefore if there had been no presentment whatever, and the bank had failed with sufficient funds of the maker in its hands to pay the note, the maker was still liable. The attempt of the bank to pay the note by a draft which was not good, was no payment, and on notice of the non-payment of the draft the plaintiff could have tendered it back and demanded his note, or could have sued upon the note, even without giving indemnity, as the note was in the possession of the maker, having been returned to him by the bank. The maker could not even set up in bar of costs and interest that he had the money in the bank, for his account there was short and was not made up until after the bank had failed. Neither was the maker misled by anything

that had been done, for the bank failed on the same day that he received back his note by mail, and he was at a distance and could have done nothing if he had known that the note was not paid. There was no evidence that the maker was not solvent, or that the plaintiff had sustained any damage.

On both grounds we think the order appealed from should be reversed and the judgment of nonsuit affirmed.

FOLGER and ANDREWS, JJ., concur; CHURCH, Ch. J., concurs on question of damages; MILLER, EARL and DANFORTH, JJ., dissent.

Order reversed and judgment affirmed.