# COURT OF APPEALS.

JOHN F. BRIGGS *et al.* agt. THE CENTRAL NATIONAL BANK.

*Bills, notes and checks — When charging and crediting a check by a bank constitutes a payment, and.renders itself liable for the amount as for a collection effected.*

Where defendant, a New York bank, received from one of its customers for collection, a check or draft drawn upon a bank in New Jersey, which bank had been for years the collecting agent of defendant under an arrangement that all collections made by the drawee should be credited to it in a collection account which was settled once a week (collections under this arrangement including paper drawn upon the drawee itself), and the check in question was charged to the defendant in this collection account:

*Held,* That the drawee, under this arrangement, discharged the drawer and substituted itself as debtor to the defendant for the amount, and that the defendant must be regarded as having accepted the responsibility of the drawee upon its credit in the collection account as payment of the check; so that defendant is liable to plaintiff for the amount as for a collection effected.

*Decided June,* 1882.

THIS case was tried in the common pleas court, and a verdict directed by judge VAN BRUNT.

On appeal to the general term the judgment was affirmed (*opinion of* DALY, *C. J.*; VAN HOESEN *and* J. F. DALY, *JJ.,* concurring, see 61 *How.,* 250), where the facts of the case will be found.

*Blumensteil & Hirsch,* for respondents.

*Alexander & Green,* for appellants.

RAPALLO, *J.*— In the case of *Indig.* agt. *City Bank* (80 *N. Y.,* 100) it was decided that where a bank receives from one of its customers, for collection, a check or draft drawn

upon another bank at a distant place, and, for the purpose of collecting the paper, sends it by mail to the bank upon which it is drawn, with a request to remit the amount, the collecting bank, by so sending the paper to the drawee directly for payment, does not constitute the drawee its agent to receive the proceeds, and consequently does not become guarantor of the solvency of the drawee; and that in such a case, although the drawee has funds of the drawer of the paper and charges it to his account as paid, but fails to pay over to the collecting bank, the latter is not responsible to its customer for the amount, unless there has been some negligence. The point of the decision is that the mere act of presenting the paper for payment by mail instead of employing a messenger to present it does not constitute the drawee agent of the sender to receive or hold the proceeds. That case is sought to be applied to the present one, but the distinction between the cases is very obvious. The plaintiff here, for the purpose of establishing the agency of the drawee for the defendant (the collecting bank), does not rely upon the mere fact that the defendant sent the paper for payment direct to the drawee, but proved that the drawee was and had been, for fifteen years back, the collecting agent of the defendant, under an arrangement that all collections made by the drawee for the defendant should be credited to it in a collection account, which was settled once a week — viz. : every Tuesday ; that the collections made under this arrangement embraced commercial paper on all banks and individuals in the state of New Jersey, including, therefore, paper drawn upon the drawee itself ; that the check in question was charged up to the account of the drawer and credited by the drawee to the defendant in this collection account, and under the arrangement the defendant had no right to call upon the drawee for a settlement of this account until the Tuesday following. There can be no doubt that the drawee of the check had the right under this arrangement to discharge the drawer, and substitute itself as debtor to the defendant for the amount,

and that it did so, and that the defendant must be regarded as having accepted the responsibility of the drawee upon its credit in the collection account as payment of the check.

Under these circumstances the liability of the defendant to the plaintiff for the amount as for a collection effected is beyond question.

The judgment should be affirmed.

All concur except TRACY, J., absent.