## DROVER'S NATIONAL BANK OF UNION STOCK YARDS
### v.
## THE ANGLO-AMERICAN PACKING AND PROVISION CO.

1. Certified check—Liability of drawer.—The drawer of a certified check is primarily liable for its payment the same as the acceptor of an inland bill of exchange.

2. Duty of bank to transmit to agent.—Where a bank received for collection a bill of exchange or note payable at a distant place, it is its duty to seasonably transmit it to a suitable bank, or other agent at the place of payment.

3. Same—Mailing to drawee.—Where a bank receives for collection a certified check payable at a distant place in Michigan, and transmitted it by mail directly to the drawees, private bankers, who were primarily liable for payment, who, drawing a worthless draft on a Detroit bank, mailed it to the bank at Chicago, surrendered said check to the drawer of it as paid, and failed, and it appeared that if the check at the time it was so received by the drawees had been presented to them by some third person and payment demanded it would have been paid. *Held* that such mailing to the drawees was not the selection of a suitable or competent agent for collection.

4. Same—Who is suitable agent.—The suitable correspondent or agent must from the nature of the case be some one other than the party who is to make the payment.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed January 13, 1886.

Messrs. Sleeper & Whiton, for appellant; cited Morse on Banking, 2d Ed. 396; Fay v. Strawn, 32 Ill. 295; Chandler v. Hogle, 58 Ill. 46; Daniel on Negotiable Instruments, § 1599a (last Ed.); Indig v. City Bank, 80 N. Y. 100; Freeholders v. State Bk. 32 N. J. 467.

Messrs. Page & Booth, for appellee; that the drawer of a check or the person primarily liable for its payment is not the proper agent, cited Daniel on Negotiable Instruments (3d Ed.) §§ 1601, 1603.

McAllister, J.   The drawer of a certified check is prima-

rily liable for its payment, the same as the acceptor of an inland bill of exchange.   Bickford v. First Nat. Bank, 42 Ill. 238.

Where a bank receives for collection a bill of exchange or note, payable at a distant place, it is its duty to seasonably transmit it to a suitable bank or other agent at the place of payment.   Fabens v. The Mercantile Bank, 23 Pick. 230; Allen v. Merchants Bank, 15 Wend. 482; Mechanics Bank v. Earp, 4 Rawle, 384; Bank of Washington v. Triplett, 1 Pet. 25.

In Ætna Ins. Co. v. Alton City Bank, 25 Ill. 243, the above authorities were cited with approval, and the doctrine that it is the duty of the collecting bank to transmit the paper to a suitable agent, fully recognized.

The defendant below, having as a bank received for collection the certified check in question, payable at Cadillac, Michigan, a distant place, transmitted it by mail directly to the drawees, who, drawing a worthless draft on a bank at Detroit mailed it to defendant at Chicago, surrendered said check to the drawer of it, as paid, failed and closed their bank. It appears that if said check, at the time it was so received by the drawees, had been presented to them by some third person and payment demanded, it would have been paid.

The question is as to the liability of the defendant bank to its depositor, the plaintiff, for the amount of said check so lost.   The facts being agreed upon, the question becomes one merely of law.

Was the mailing said certified check directly to the drawees, who were primarily liable for payment, the selection of a suitable or competent agent for its collection? We were strongly inclined to the opinion, at the close of the argument, that such selection was improper, and that the defendant had not used reasonable precaution and care in so sending such check directly to the drawees' private bankers, personally and primarily responsible for its payment, as the agents to make collection of themselves.   Since the argument, a case has come to our notice, decided October 5, 1885, by the Supreme Court of Pennsylvania, and reported in the Eastern Reporter issued January 2, 1886, Vol. 2, p. 897, which is precisely such a case as this in hand, except that there the check had not been cer-

tified by the bank on which it was drawn.   The case is Merchants National Bank of Philadelphia v. Goodman.   The court, after stating the authorities, said: "The weight of authority preponderates greatly in support of the doctrine that it was the duty of the defendant to transmit to a suitable agent to collect, and it seems to us that the Mississippi Valley Bank, on whom the check was drawn, was in no sense a suitable agent to demand payment against itself; its interest plainly was to delay instead of speeding payment.   The defendant put it in the power of the Mississippi Valley Bank to do what it pleased with the check, and that which it did please to do, on the eve of insolvency, was to cancel and surrender the check, and transmit, not money, but a worthless draft in payment.   We think the principle may be stated as a true one, as the plaintiff's counsel have presented it, that no firm, bank, corporation or individual can be deemed a suitable agent, in contemplation of law, to enforce in behalf of another a claim against itself.

"The only safe rule is to hold that an agent with whom a check or bill is deposited for collection, must transmit to a suitable sub-agent to demand payment in such manner that no loss can happen to any party, whether he be depositor and indorser or the indorser and holder.   In this instance had the demand for payment been made by such agent the amount of the check would have been collected over the counter of the Mississippi Valley Bank.   It was doing business on the 19th day of November, 1883, and the cancellation of the check on that day shows there was money of the drawer in bank sufficient to pay the check.

"We interpret the cases to which we have referred as establishing the rule of transmission to a suitable correspondent or agent, to mean that such suitable agent must, from the nature of the case, be some one other than the party who is to make the payment.   By no other rule can the rights of indorsers be protected, if it is the interest of the party who is to make payment to hinder, postpone or defeat payment.   This imposes no hardship on the institution undertaking to transmit for collection, which can always protect itself by stipulating that

special instructions by the depositor shall be given, which will save the collecting bank from all risk or peril."

We regard the views above expressed as entirely sound and satisfactory. The judgment was proper upon its merits, and therefore the refusal of the court below to hold as requested by defendant's second proposition of law, is no ground for reversal. North Chicago City Ry. Co. v. Town of Lake View, 105 Ill. 207.

Judgment affirmed.