ANDREW J. McINTOSH and Others, Respondents,
v. WALDO H. TYLER, Appellant.

*Check — what does not constitute a payment of it by the bank upon which it is drawn.*

The plaintiffs in this action sued upon a check, drawn to their order by the defend-
ant, which was deposited by the plaintiffs for collection, and sent by the bank in
which it was so deposited by mail to the bank upon which the check was
drawn. It was received by the latter bank, was charged to the account of the
defendant, stamped "paid" and canceled by being cut with a spindle. A draft
on a New York bank in payment therefor was filled out by the bookkeeper of
the bank at which said check was payable, but was not signed and was subse-
quently destroyed. The payee bank stopped payment on the day on which the
check was received, and subsequent to the transactions above mentioned.

In this action, brought by the payees of the check to recover from the maker, it
was held that the check was not paid by the bank nor the drawer discharged;
nor was the drawer thereof discharged by the fact that the check was mailed by
the holder to the drawee, although if it had been presented at the drawee's counter
it would have been paid.

Appeal from a judgment of the County Court of Otsego county
affirming on appeal a judgment of a Justice's Court in favor of the
plaintiffs in an action on a check drawn by the defendant.

In December, 1884, the plaintiffs resided at Springfield, Mass.,
the defendant at Westford, N. Y., and P. H. Mitchell & Co. were
bankers at Schenevus, N. Y., with whom defendant kept an account.
The defendant being indebted to the plaintiffs in the sum of forty-
six dollars and forty-nine cents, drew, December 1, 1884, his check
to their order on P. H. Mitchell & Co. for said amount, and
mailed it to the plaintiffs in payment. December 3, 1884, the
plaintiffs received the check in payment, and mailed defendant a
receipted bill. December third the plaintiffs deposited the check
with the Chicopee National Bank of Springfield for collection,
which bank indorsed and mailed it to the Importers and Traders'
National Bank of New York city for collection, which bank
indorsed and mailed it to the Albany City National Bank for
collection, which bank indorsed and mailed it to the Wilber
National Bank of Oneonta, N. Y., for collection, which bank
indorsed and mailed it to P. H. Mitchell & Co. (the drawees) for
collection, who received it December eighth, at about noon, and the
drawer's account being good, the check was charged to his account,

stamped paid, and canceled by cutting it with the spindle. A draft on the Ninth National Bank of New York was filled out by the bookkeeper of P. H. Mitchell & Co. for the amount, payable to the Wilber National Bank. but it was not signed, and was subsequently destroyed. P. H. Mitchell & Co. continued their business during the day, paying checks and receiving money until between four and five P. M., the usual hour for closing business. The bank was not opened for business December ninth, on which day the bankers made a general assignment for the benefit of creditors. From December first to December ninth the defendant's account was at all times good for the amount of the check. The words "Paid December 8th, 1884, P. H. Mitchell & Co., Schenevus, N. Y.," were canceled with a pen by a clerk of P. H. Mitchell & Co. at some hour during December ninth, and the check was delivered to the cashier of the Wilber National Bank, who called for it, and thereafter demanded its payment, which was refused, and thereupon the check was protested for non-payment and the usual notices mailed. The check was returned to the plaintiffs, who brought this action in a Justice's Court to recover the amount, with interest and one dollar and thirty-five cents expense of protest. The plaintiffs recovered a judgment for forty-eight dollars and forty-nine cents damages and five dollars costs, which was affirmed by the County Court of Otsego county, from which judgment of affirmance the defendant appeals.

*Graham & Lane*, for the appellant.

*J. B. Holmes*, for the respondents.

FOLLETT, J. :

Construed by the custom of bankers, the transaction between the Wilber National Bank and P. H. Mitchell & Co. amounted to a direction by the former to the latter to this effect : For the inclosed check mail your draft on New York, or return the check. The drawee failed to send the draft, or to pay the check in any other way, and before doing so it was not authorized to mark the check. paid, or to charge it to the drawer's account. The fact that the check was delivered to the drawee, and by it charged to the drawer's account and marked paid, did not discharge the drawer. (*Turner*

v. *The Bank of Fox' Lake*, 4 Abb. Ct. App. Dec., 434; S. C., 3 Keyes, 425, and 2 Trans. App., 344; *Burkhalter* v. *The Second National Bank*, 42 N. Y., 538; *Kelty* v. *Second National Bank*, 52 Barb., 328.)

The fact that a check mailed by the holder to the drawee for payment is not paid, when it would have been had it been presented at the payee's counter, is not, it seems, in this State, a defense in favor of the drawer, though by the transaction the drawer lost his deposit (*Indig* v. *The National City Bank*, 80 N. Y., 100; *Briggs* v. *Central National Bank*, 89 id., 182) though it has been held otherwise. (*Farwell* v. *Curtis*, 7 *Bissell*, 160; *Drovers' Bank* v. *Anglo-American Packing Co.*, 18 Ill. App., 191.)

The judgment of the County Court is affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.