HORACE C. SYLVESTER et al., Respondents, *v.* JOHN F. CROHAN et al., Appellants.

Where a draft is drawn in another state, by one residing there, upon a party residing in this state, any legal question in reference to presentation and demand for payment is to be determined by the laws of this state.

Defendants, who resided in Georgia, mailed to plaintiffs, who resided in New York city, their sight draft drawn on B., a New York banker, for the purpose of paying their promissory note. Plaintiffs received the draft Friday, July 31, at 11 A. M. Without presenting it to the drawee they indorsed and deposited it in bank, and returned the note to defendants. A messenger of the bank on the morning of the next day presented it to the drawee for payment, and was directed to leave notice and present it again Monday. It was again presented on Monday, payment demanded and refused, B. having made an assignment for the benefit of creditors; on that day the draft was protested, and notice of protest mailed to defendants. When the draft was drawn and received, and when presented on Saturday and during all of that day, defendants had funds on deposit with B. sufficient to pay the draft in full, and drafts drawn on him by other parties were paid on that day. In an action upon the draft, *held*, that plaintiffs, as payees were only bound to use reasonable diligence, and presentation to the drawee the next day after receipt was in due time; that as it was not paid, in the absence of some agreement, express or implied, to wait and present it again, the paper was then dishonored and could have been protested on the next secular day, and as it was so protested and notice given, there was a sufficient presentation, demand and notice without regard to the statute of 1887 making Saturday after twelve o'clock at noon a legal holiday (Chap. 289, Laws of 1887).

Also *held*, that under the provisions of said act the holder of a bill due or presentable on Saturday may, at his election, rest upon a demand and presentment made before noon on that day, and if he does, notice of demand and protest given on that day or the next secular day is good; or he may elect to make a demand on Monday, and if payment is not then made, in order to hold the parties entitled to notice, he is required to give notice of dishonor on that day, and so, if there was a failure to present for payment on Saturday, as the draft was presented and demand made, and notice of protest mailed on Monday, plaintiffs were not chargeable with negligence or omission of duty, and were entitled to recover.

Reported below, 63 Hun, 509.

(Argued April 18, 1893; decided June 13, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made April 5, 1892, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Circuit without a jury.

This action was upon a sight draft drawn by defendants for the purpose of paying a promissory note.

The facts, so far as material, are stated in the opinion.

*Arthur Furber* for appellants.   The receiver of a check owes the duty to the drawer thereof to present the same for payment to the drawee within a reasonable time after its receipt. (3 Am. & Eng. Ency. of Law, 213 ; *F. N. Bank* v. *F. N. Bank,* 77 N. Y. 324.)   When the check is presented the presenter owes a duty to the drawer to demand and insist on payment. (*Smith* v. *Miller,* 43 N. Y. 171 ; 52 id. 545 ; *People* v. *Crom-well,* 102 id. 477 ; *Crawford* v. *W. S. Bank,* 100 id. 50 ; *F. N. Bank* v. *F. N. Bank,* 77 id. 324.)   Chapter 289 of the Laws of 1887 does not relieve defendants from their *laches.*   (Laws of 1875, chap. 27 ; Laws 1881, chap. 30.)   In construing statutes changing the common law they are to be strictly construed, and the common law will be held to be no further abrogated than the clear import of the language used in the statutes absolutely requires.   (*Fitzgerald* v. *Quann,* 109 N. Y. 441 ; *Dean* v. *M. E. R. R. Co.,* 119 id. 540 ; *People* v. *Palmer,* 109 id. 110.)   Where there are inconsistent provisions in an enactment, the statute, if possible, must be construed so as to make all the parts effective.   (*People* v. *McClave,* 99 N. Y. 89.)

*John B. Green* for respondents.   The payee of a sight draft is bound only to reasonable diligence in presenting it in order to charge the drawer.   Presentation of a draft within twenty-four hours after the receipt is reasonable diligence.   A delay until the next day is not negligence.   (*Buckhalter* v. *S. N. Bank,* 42 N. Y. 538 ; *S., B. & N. Y. R. R. Co.* v. *Collins,* 57 id. 641 ; *F. N. Bank* v. *F. N. Bank,* 77 id. 320.)   The protesting of the draft and mailing of notice on Monday was

sufficient. (*F. Bank* .v. *Vail*, 21 N. Y. 485; *Howard* v. *Ives*, 1 Hill, 263; Laws of 1887, chap. 289, § 1.) The law of New York governs the rights of parties to this draft. (*H. Bank* v. *Lacombe*, 84 N. Y. 367; *McIntosh* v. *Tyler*, 47 Hun, 99.)

O'BRIEN, J. On Wednesday, July 29, 1891, the defendants, residing and doing business at Savannah, Ga., for the purpose of paying their promissory note held by the plaintiffs, residing and doing business in the city of New York, which was to fall due two days later, drew and mailed to the plaintiffs a sight draft for $1,263.72 payable to the plaintiffs' order upon one Becker, a banker in New York. The plaintiffs received this draft through the mail on Friday, July thirty-first, at eleven o'clock in the forenoon, and, without presenting it to the drawee, indorsed and deposited it to their credit immediately in their own bank, and returned the note to the defendants. On Saturday, August first, a messenger of the bank, in which the draft had been deposited, presented it to the payee for payment between ten and half-past ten o'clock in the forenoon of that day and was directed to leave notice and present it again on Monday. It was again presented on Monday, August third, and payment demanded and refused, and on that day it was protested for non-payment and notice of protest mailed to the defendants. The plaintiffs took back the draft from the bank, where it was deposited, and still hold the same. · When the draft was drawn and received by the plaintiffs, and when presented on Saturday, and during all of that day, the defendants had funds, not otherwise drawn, on deposit with the drawee, sufficient to pay the draft in full, and other checks or drafts drawn upon him by other parties were paid and honored on that day. On Monday, August third, the drawee made a general assignment for the benefit of his creditors and became insolvent. The plaintiffs' place of business and that of the bank in which they deposited the draft, upon receipt of the same, and that of the drawee were all on Broadway in the city of New York.

The plaintiffs brought this action against the drawers of the draft and have recovered. The defense, in substance, is that the amount of the draft was lost to the defendants in consequence of the neglect and failure of the plaintiffs to present the same to the drawee for payment in due time. The draft, though made in another state by parties residing there, was payable here, where the drawee resided, and the legal questions involved are to be determined by the law of this state. (*Hibernia Bank* v. *Lacomb*, 84 N. Y. 367.)

The plaintiffs, the payees of the draft, were bound only to use reasonable diligence in presenting it in order to charge the drawer and presentation to the drawee within twenty-four hours or the next day, was in time under the circumstances of this case. (*Buckhalter* v. *Second Nat. Bank*, 42 N. Y. 538; *Syracuse, Bing. and N. Y. R. R. Co.* v. *Collins*, 57 id. 641; *First Nat. Bank* v. *Fourth Nat. Bank*, 77 id. 320.) The duty which the plaintiffs owed the defendants, with respect to the presentation of the draft, is not the same as the duty which the bank, in which the draft was deposited, owed to the depositor. (*St. N. Bank* v. *S. N. Bank*, 128 N. Y. 26.) Irrespective of the statute, which will presently be referred to, the case stands thus: The plaintiffs presented the draft for payment in due time after they had received it by mail. It was not paid, and, therefore, in the absence of some agreement, express or implied, to wait or present it again, the paper was dishonored and could have been protested and notice thereof given within a reasonable time thereafter or on the next secular day. (*Farmers' Bank* v. *Vail*, 21 N. Y. 485.) The draft was protested on Monday and notice thereof mailed to the defendants. Aside from the statute this would seem to be, under the law formerly governing such cases, a sufficient presentation, demand and notice. The finding is that the draft was presented for payment on Saturday, and, therefore, there was a demand of payment because the presentation of a check or draft at the bank, upon which it is drawn for payment, when it is due, is a demand. The drawee did not pay, and, therefore, there was a refusal to pay, though the person

who presented it was told to leave notice and present it again on Monday. But the rights, duties and obligations of parties to commercial paper of this character are somewhat modified by the recent statute on that subject. (Laws 1887, chap. 289.) It is there provided that every Saturday, from twelve o'clock at noon until twelve o'clock at midnight, shall be a public holiday for all purposes in regard to the presentation for payment, demand and notice of protest of commercial paper. As to the other holidays named in the statute it is provided that such paper as would otherwise be payable or presentable on any of these days shall be deemed to be payable or presentable on the secular or business day next succeeding such holiday, but in the case of Saturday, a half holiday, it shall be presentable for acceptance or payment at or before twelve o'clock noon of that day. Therefore, the draft in question was properly presented up to noon of Saturday. But the following proviso, the meaning of which is not very clear, was added and seems to apply to the facts of this case :

" Provided, however, for the purpose of protesting or otherwise holding liable any party to any bill of exchange, check or promissory note, and which shall not have been paid before twelve o'clock at noon on any Saturday, a demand of acceptance or payment thereof may be made and notice of protest or dishonor thereof may be given on the next succeeding secular or business day. And provided, further, that when any person shall receive for collection any check, bill of exchange or promissory note, due and presentable for acceptance or payment on any Saturday, such person shall not be deemed guilty of any neglect or omission of duty, nor incur any liability in not presenting for payment or acceptance, or collecting such check, bill of exchange or promissory note on that day. And provided, further, that in construing this section every Saturday, unless a whole holiday as aforesaid, shall, until twelve o'clock noon, be deemed a secular or business day."

The legislature in enacting this statute, curtailed the business day, within which this draft could formerly have been

presented, by one-half, and to that extent limited the opportunity of the holder to demand payment.

The intention was, in order to compensate for this, to enlarge the time in another direction within which the holder of a bill or note could demand payment and give notice of dishonor. It did not change the time within which the paper fell due, nor when it became dishonored. If it fell due by its terms on a Saturday, the holder could present it up to noon of that day, and if he did, and payment was not made, the paper was dishonored and protest could then be made and notice served. But in such case the statute also permits the holder, at his discretion, in case payment is not made before noon of Saturday, to present it again on Monday, or the next secular day, and if not then paid both protest must be made and notice given on that day. The holder of the bill or note due and presentable on Saturday may, if he so elects, rest upon the demand and presentment made before noon of that day, and if he does, notice of demand and protest given on that day or the succeeding Monday or next secular day, is good, but if he elects to make demand on Monday and payment is not made then he must, in order to hold the indorser or other antecedent parties entitled to notice, protest and give the notice of dishonor on that day. A party whose duty it is to collect or present for payment a bill, note or draft which falls due upon Saturday, is not chargeable with neglect or omission of duty because of failure to present it on that day, providing he does present it on Monday or the next secular day, and then, on that day, protests and gives notice of dishonor in case of non-payment. This, we think, is what the legislature intended, and to this extent only has the statute changed the law on this subject as it previously existed. As the paper in question was again presented on the following Monday and notice of non-payment given on that day, the defense was not established and the plaintiff was entitled to recover.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.