BALDWIN'S BANK OF PENN YAN v. SMITH et al.

(Supreme Court, Trial Term, Yates County.  July 9, 1912.)

1. BANKS AND BANKING (§ 156*)—COLLECTION OF NOTES—AGENCY OF BANK.
     Makers of a note selected their own bank as its place of payment and on its receipt by the bank at the time it became due directed it to pay the note from their funds on deposit.  The bank failed without having paid the note as directed.  *Held*, that the direction to pay made the bank the agent of the makers rather than of the owners for collection, and the owners were not precluded by its neglect to proceed with the collection of the note.

     [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 539–546;  Dec. Dig. § 156.*]

2. ESTOPPEL (§ 72*)—COLLECTION OF NOTES—NEGLIGENCE OF MAKER AND OWNER.
     Though the holders of a note were negligent in sending it to a bank for collection, and making no effort for a week to see whether it had been paid, where the bank which the makers had designated as the place for payment was in the town of their residence, and, in spite of a notification on the arrival of the note and a direction to pay it, such makers made no effort to see whether their wishes had been complied with until the failure of the bank a week later without its having paid the note, the doctrine that, where one of two innocent persons must suffer, the one who put the conditions in motion is responsible, will apply so that the negligence of the holders will not relieve the makers from liability.

     [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 188;  Dec. Dig. § 72.*]

Action by Baldwin's Bank of Penn Yan against Albert L. Smith and another.  Judgment for plaintiff.

Huson & Lincoln, for plaintiff.

Lewis H. Watkins (E. W. Personius, of counsel), for defendants.

CLARK, J.  The plaintiff is an incorporated bank doing business at Penn Yan, N. Y., and defendants are copartners doing business under the firm name of A. L. Smith & Son, at Watkins, N. Y.

For many years prior to December 19, 1910, George C. Wait, Mary E. Wait, and Esther W. Wait, as copartners, conducted a bank at Watkins, under the firm name and style of the Farmers' & Merchants' Bank, and said bank failed December 19, 1910.  Defendants were customers of the Watkins bank, where they carried a deposit.  On the 11th day of August, 1910, defendants in due course of business executed and delivered to one William N. Wise of Penn Yan the note in question, whereby they promised to pay to William N. Wise or order $1,200 four months after date, with interest, at the Farmers' & Merchants' Bank at Watkins.  Before the note became due, Mr. Wise indorsed it, and for value it was sold and delivered to the plaintiff, and it thereupon became and still is the owner of said note.  A few days prior to the maturity of said note plaintiff sent it by mail to the Watkins bank, where it was made payable, for collection and remittance.  It became due December 12, 1910, and on that day one of the defendants talked with the president of the Farmers' & Merchants' Bank over the telephone, and, on being informed that this note

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was in the bank, directed the president to pay it and charge the amount to their account. The Watkins bank where these defendants did their business, and where they had made the note payable, disregarded those instructions, the note was not protested or paid, and nothing was done about it up to December 19, 1910, when the bank failed. Defendants at the time of the maturity of the note and right down to the time the bank failed had sufficient funds on deposit in their bank to pay said note. It is conceded that plaintiff from the time it sent the note to the bank for collection and remittance, and also the defendants from December 12, 1910, the day the note became due and payable, until December 19th, when the bank failed, made no inquiry or effort to see if the note had been paid. Watkins, where the Farmers' & Merchants' Bank is located, is about 22 miles from plaintiff's place of business, with daily mails between the two villages, and defendants reside and do business in the same village where the Farmers' & Merchants' Bank was located, and so resided up to the time of its failure. The note never having been paid, plaintiff, the owner, brings this action against the makers to recover the amount thereof, with interest, and defendants refuse payment, claiming that plaintiff was negligent in not making prompt inquiry of the Farmers' & Merchants' Bank to see whether or not the note had been paid, and also on the further ground that the Watkins bank was plaintiff's agent, and its negligence in failing to pay the note and charge it to defendants' account was negligence which is imputable to the plaintiff.

[1] I cannot agree with defendants in this contention, for I do not believe the facts and circumstances established in this case warrant the conclusion that they were discharged from liability on their note. These defendants made the note, selected their own bank as the place where they desired to have it paid, and agreed to pay it according to its terms, and it was their duty to do it, for the note was concededly in the bank where they had made it payable, when it became due, and, while the Farmers' & Merchants' Bank would have had a perfect right to pay the note when it became due and charge it to defendants' account, they having sufficient funds on deposit in that bank to meet the note, still when defendants called their bank on the telephone the day the note became due, and after finding it was there directed the bank to pay it, the Farmers' & Merchants' Bank from that moment became the agent of the defendants with reference to the payment of the note, and was responsible to them in the matter of its payment. 5 Cyc. 501; Indig v. National City Bank, 80 N. Y. 100.

[2] Moreover, as to the question of negligence raised by defendants, if there was any negligence at all, it is chargeable in a greater degree to the defendants than to plaintiff. They lived and did business in Watkins where the Farmers' & Merchants' Bank was located. They were the parties who put the note in question in circulation, and indicated on its face where it was to be paid, and, if it is urged that plaintiff was remiss in its duty in not making prompt inquiry after the note was due as to whether or not it had been paid, the charge of negligence and carelessness could be urged with much greater force against defendants, for they, being in the same town with the bank

that failed, and knowing that the note was there for payment, could much more easily and conveniently ascertain whether or not their instructions as to its payment had been complied with than could the plaintiff residing in a distant village.

This is one of those unfortunate cases where one of two innocent persons must suffer, but, under such circumstances, the party who placed the conditions in motion which resulted in the present situation must take the responsibility. These defendants made the note, and promised to pay it, and they have never done so. They indicated on its face where they wanted it payable. It was at the bank where they did business, and in the town where they resided. Plaintiff was obliged to send the note to the bank where defendants had indicated they wanted it payable, and I cannot see how, under the circumstances as established in this case, plaintiff can be justly charged with any negligence. Certainly not to the extent that can be urged against defendants, for they knew that their note was in the bank at Watkins on the day it became payable, and directed that it should be paid and charged to their account, and I think, if there is any negligence chargeable against either party, it should be against defendants for their negligence in failing to see that their instructions to the bank with reference to payment of the note were complied with.

I think under the circumstances as established by the evidence in this case, plaintiff, being an absolutely innocent party, who took the note in due course, for value, should not be made to suffer for the failure of defendants' agent to pay the note according to their instructions.

Judgment is directed in favor of the plaintiff in the sum of $1,200, with interest thereon from the 11th day of August, 1910 with costs.

Findings may be submitted.