JUDGE PETEBS
delivered the opinion oe the court.
In the city of Louisville, on tbe 21st day of December, 1868, appellant drew his check on Tucker & Co., bankers in said city, for three hundred dollars in current funds, payable to appellee or order in satisfaction of a debt the former owed the latter.
On the day after said check was drawn it was taken to the house of Tucker & Co. by appellee to demand and receive payment thereof; but the house during the whole of that day was closed, and never has been opened by them as a business-house since; they having become insolvent, and having taken the benefit of tbe bankrupt law.
This action was then brought by the holder against the drawer of said check for the amount thereof; and a jury *459 having found a verdict in favor of the plaintiff' below, and a judgment having been rendered thereon, this appeal is prosecuted to reverse that judgment.
The following material facts are established incontrovertibly — some by the agreement of the parties and some by proof — that the drawer of the ’cheek on the day of its date had funds in the bank more than sufficient to pay it, and subject to his order; that all checks on said bank presented on that day were promptly paid; that the one which is the subject of this controversy was drawn not later than half past twelve o’clock, p. m., of the day, during banking hours; that the bank closed at three o’clock, p. m. ; that the drawer and payee of the check resided in said city, and the holder could have presented it at said bank for payment on the day it was drawn, during banking hours; and it may be assumed that if it had been presented on that day it would have been paid, but on that evening the bank closed in ruins, and never has been nor will ever be opened again to honor checks or satisfy creditors.
1. On the trial the court below, on behalf of appellee, instructed the jury substantially that if they believed from the evidence that defendant gave the check to plaintiff in payment of a debt during banking hours, and after twelve o’clock on the 21st of December, 1868, and Tucker & Co. failed’ on that day, and on the next day the house was not opened, but was labeled closed early in the morning, and remained closed ever afterward, and during business hours of the said day — viz., 22d December, 1868 — either partner of Cawein & Co. was notified of the dishonor of the check and refused to take it up, they must find for plaintiff three hundred dollars and interest.
2. Plaintiff was not bound to present the check for payment until the day after it was drawn, and if the banking *460 and business-house of Tucker & Co. was then closed on account of bankruptcy, and have made no payments since said last named day, even if defendant had no notice of the dishonor of said check, and the jury believe he sustained no damage by reason of the failure to give such notice, they must find for plaintiff; and refused to give the following instructions asked by appellant: that if the jury believed from the evidence that at the time the check was drawn Cawein & Co. had the amount thereof on deposit to their credit in said house of Tucker & Co., that the giving said check transferred to plaintiff the exclusive right to the fund, and if he failed to present the check for payment within a reasonable time after it was given they must find for the defendant; and that it is the province of the jury to determine from the proof what is or was reasonable time.
Whether the court below erred in granting the instructions asked by appellee and in refusing those asked by appellant is- the principal question involved. When or in what time appellee was legally bound to present the check for payment, in order to hold the drawer responsible in case of non-payment, must be a question of law, and consequently that portion of the instruction asked by appellant by which the jury were to be made the sole judges of that question was properly refused; and we proceed now to inquire whether by delaying to present the check until the day after it was drawn appellee thereby lost his remedy against appellant.
We are not aware that this question has been heretofore expressly decided by this court. In Piner v. Clary, 17 B. Mon. 645, Clary held a certificate of deposit of the People’s Bank, located in Cincinnati, which he on Saturday, the 14th of October, 1851, indorsed to Piner, both living in Newport, Kentucky. On the 16th of the same *461 month the certificate of deposit was presented to the bank and- payment demanded of the bank. A promise was made to pay it in the course of the day, but it was not paid. The bank continued to do business the next day, and then closed indefinitely. The owner of the bank made an assignment of his effects and left for parts unknown.
On the 21st day of the same month the certificate was presented at the banking-house of Manchester, who had been the owner of the bank which was then closed, and protested for non-payment. Notice was not given to Clary of the dishonor of the bill until some days after the bank had failed. In that case this court held that, as Newport and Cincinnati, although in different states, are in close juxtaposition and only separated by the Ohio Saver, payment of the certificate of deposit should have been demanded on the first day of business next following the day it was received by the holder, it having been transferred on that day to him after banking hours, as it was payable immediately on presentment without days of grace; but whether, if the certificate of deposit had been transferred during banking hours, the holder would not have been required to present it on the day it was drawn, is not decided.
In Smith & Campbell v. Jones, 2 Bush, 103, this court held that a check, unlike a bill of exchange, does not require “due diligence ” and apparent laches in presenting it for payment does not exonerate the drawer unless by unreasonable delay he has suffered loss, and then he is entitled to relief pro tanto; but what would be unreasonable delay is not there defined.
In Chitty on Bills, 274-5, side page, it is said, with respect to a check on a banker, it is now settled that it suffices to present it for payment to the banker at any time during banking hours on the day after it is received, *462 and no laches can be imputed to the holder in not presenting it for payment in the morning of the second day, although the bankers paid drafts on them until the afternoon ar jhen stopped payment.
In Story on Promissory Notes, section 492, it is said, if the payee or holder of a check receives it immediately from the drawer in the same town or city where it is payable, he is bound to present it for payment to the bank or bankers at farthest on the next succeeding secular day after it is received, before the close of the usual banking hours. He may, however, although he is not bound to do so, present it for payment on the same day on which it is drawn or delivered to him, but he is at liberty to wait until the next succeeding day.
In 2 Parsons on Notes and Bills, 72, it is said in “most cases it is held.that a check should be presented the day after it is received.” According to the authorities therefore it was sufficient to charge the drawer to present the check the day after it was drawn, and the court below properly instructed the jury to that effect.
In Piner v. Clary, supra, protest of the check and due notice thereof was decided to be necessary to charge the drawer because it was drawn in Kentucky and made payable in Ohio. The instrument therefore was placed on the footing of a foreign bill of exchange, and the rights and duties of the parties depended on the law regulating such instruments.
As therefore there was no error in the instructions given, nor in overruling those asked by appellant, and the verdict of the jury is sustained by the evidence, the judgment is affirmed.