THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant, *v.* CHARLES W. COLLINS, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1870.)

Where the defendant offered to pay an account to his creditor's agent in money, but at the latter's request gave him a check and the check was drawn on an individual bank, but a short distance away, in which the defendant had a sufficient deposit, and the bank paid drafts, as presented, subsequently on the same day, and during an hour on the morning of the day after, when being insolvent, it suspended, and the banker immediately made a general assignment, and fifteen days after was declared a bankrupt, and no presentation of the check was made at the bank or demand of payment upon the banker, and the defendant had no notice of non-payment until two weeks after delivery of the check; in an action by the principal, counting on the check and also on the original indebtedness.—*Held*, that the plaintiff could recover.

The omission to present the check at the bank before its failure, was not *laches*.

Nor it seems, per MILLER, P. J., was the omission to demand payment afterward, unless loss or injury resulted therefrom to the defendant.

And that any presumption of loss or injury was rebutted by proof of the defendant's knowledge of the insolvency, and of the notice to him of non-payment of the check.

But *held*, further, that the delivery of the check was not necessarily payment of the account, and the plaintiff was entitled to recover upon the original indebtedness; and that if the defendant relied upon the check to defeat a recovery, the *onus* was on him to show, that through *laches* of the plaintiff in respect thereof, injury or loss had resulted.

*Semble*, that where an action against the drawer is upon the check, the plaintiff must excuse a non-presentment or demand of payment by show-

The Syracuse, Binghamton and New York Railroad Co. *v.* Collins.

ing that no loss or injury has resulted therefrom; but where the action is on the pre-existing debt, the defendant, to prove payment by check, must not only show its delivery and acceptance, but also that through the omission of the plaintiff to make presentment or other *laches*, oss or injury has accrued.

THIS was an appeal by the plaintiff from a judgment against him for costs.

It appeared that on the 4th day of May, 1868, the defendant was indebted to the plaintiff in the sum of $50.19 for freight; and to the United States Express Company, $7.85 for transportation of express matter. On that day one Rogers, the agent of the two companies, presented both claims to defendant and requested payment thereof.

· The defendant, in payment of the demands, gave the agent a check on the H. J. Messenger's bank in Cortland for the two amounts. On receiving the check, the agent receipted the accounts in full. Rogers had been accustomed to take similar checks in payment of similar bills, for some time. The defendant proposed to pay the claim in currency ; but the agent preferred the payment should be by check. The check was given about half past two o'clock P. M., and twenty-five rods from the bank, on the same side of the street therewith in Cortland village. The bank remained open and paying obligations until four P. M. that day, and opened at nine and remained open one hour the next day, when it was finally closed and suspended payment.

Rogers went past the bank on the afternoon he took the check. The H. J. Messenger Bank was an individual bank and owned by H. J. Messenger alone. Messenger, at the time of closing his bank on May 5th, was in Cortland village, and resided on the same street on which his bank was located, and he remained in Cortland for twenty days after said check was made, and was a portion of the time in the bank, all of which facts were known to Rogers at the time. On the evening of the 5th of May, Messenger made a general assignment for the benefit of creditors, and on the 20th of the same month was declared a bankrupt.

The Syracuse, Binghamton and New York Railroad Co. *v.* Collins.

At the time of closing his bank, Messenger had assets to the amount of $200,000, and his liabilities amounted to $500,000. At the time of giving the check, the defendant had sufficient funds in said bank to pay that, and all his checks, which were never withdrawn by him. The check was not presented for payment prior to the time when the bank closed, and it would have been paid if so presented. Nor had it since been presented and payment demanded either at the bank or of Messenger himself, or of any other person, and remained unpaid. Before the commencement of this action, Rogers paid the express company the amount of the bill and assigned to the plaintiff all his interest in the check. The defendant had no notice that the check had not been paid until two weeks after it was given. The complaint contained one count upon the check, and a count upon the original agreement. The check was tendered on the trial and refused.

The cause was tried before a referee who found in favor of the defendant, and as a conclusion of law, that the plaintiff was not entitled to recover. Judgment was entered in favor of the defendant for costs, and the plaintiff appealed.

*A. J. Northrup*, for the appellant.

*A. P. Smith*, for the respondent.

Present—MILLER P. J., PARKER and POTTER, JJ.

By the Court—MILLER, P. J. I think that the plaintiff was not guilty of *laches*, in not presenting the check of the defendant to the bank before it was closed, on the morning of the day following its delivery. The authorities are abundant that the holder of a check has the day after it is delivered in which to make a presentment for payment. (*Kelty* v. *The Second National Bank of Erie*, 52 Barb., 328; *Johnson* v. *Bank of North America*, 5 Robt., 592 ; *Hazleton* v. *Colburn*, 1 Robt., 345; 2 Abb. Pr. R., N. S., 199; *Mer-*

*chants' Bank* v. *Spicer*, 6 Wend., 443; *Mohawk Bank* v. *Broderick*, 10 Wend., 304, 308; 13 Wend., 133; Ed. on Bills, 396, 399; 3 Kent, 155; Story on Promissory Notes, § 493, note 1.) But whether the failure to make a presentment and demand, and to give notice of non-payment, exonerates the drawer when the bank is insolvent, is a question of some difficulty. The rule ·is settled that in case of a check, the drawer is to be treated the same as a principal debtor, and he is not discharged by any *laches* of the holder in not making due presentment thereof, or in not giving him notice of dishonor, unless he has suffered some loss or injury thereby, and then only *pro tanto*. (Story on Promissory Notes, § 492; Ed. on Prom. Notes, 398; Ch. on Bills, 423; *Harbeck* v. *Craft*, 4 Duer, 129.) It must, however, be made to appear that no damage or injury was caused in consequence of the omission. (*Commercial Bank of Albany* v. *Hughes*, 17 Wend., 94; *Little* v. *The Phœnix Bank*, 2 Hill, 425; *Murray* v. *Judah*, 6 Cow., 490.)

As the defendant was not discharged by the failure to present the check to the bank before it stopped payment, it is difficult to see how a neglect afterward to make a presentment to and demand of a confessedly insolvent party could occasion any loss or injury to the drawer. It would not prevent a recovery of the bank, by the defendants, of the amount in their possession, which they had neglected to pay, and for which no demand had been made, and hence how could the defendant be damnified? In *Commercial Bank of Albany* v. *Hughes* before cited, which was an action against the indorser of a bill of exchange, it was held that damages will be *presumed* from the omission to present the bill for payment and to give notice of non-payment until all possibility of injury from the *laches* of the holder is removed by proof. In *Mechanics' Bank of New York* v. *Griswold* (7 Wend., 165), which was an action against an *indorser*, it was said that mere insolvency of the maker was not a sufficient excuse for want of demand and notice, and it was a reason why the indorser should have immediate notice. These remarks may

well apply to an indorser of a bill of exchange, who is not ordinarily liable, unless a demand is made and notice given. But can it be said that they are appropriate to the maker of a check, who is primarily liable, where it is entirely clear that it cannot be collected of the drawee, and where the latter has become insolvent and ceased to pay checks? Even if damages are to be presumed, I am inclined to think that the presumption is rebutted by proof that the bank was utterly and hopelessly insolvent to a large amount to the knowledge of the maker, and that the maker had notice that the check was not paid soon after it was given, and could not, under the circumstances, have sustained any loss by want of a presentment and demand of payment. The question is not, however, free from embarrassment, and, as in my opinion, this case must be determined upon another ground, it is unimportant to decide the point now.

I think that the delivery of the check in question was not a payment of the defendant's demand, and that the plaintiff is entitled to recover upon the original indebtedness. It has been held in numerous cases in this State, that the giving of a check for a debt is not a payment, unless by express agreement. (*Johnson* v. *Bank of North America*, 5 Robt., 554, 590; *Turner* v. *Bank of Fox Lake*, 3 Keyes, 425; *Hill* v. *Beebe*, 13 N. Y., 556; *Bradford* v. *Fox*, 38 N. Y., 289.) The last case cited, was an action on an account for goods sold, for which a check had been forwarded to the plaintiff, which was dishonored, and to recover the amount of which an action was brought. It was held, that the delivery of a check does not operate as a payment of a previous debt, and a receipt given upon the delivery of a check acknowledging the receipt of money, adds nothing to the effect of such delivery, and is the subject of parol proof as to its real import. It was also decided, that in an action for the collection of a pre-existing debt, the *onus* of proving payment was on the defendant; and to effect this, proof of the delivery to, and receipt of the check by the plaintiff not being sufficient, the defendant was bound to go further, and show that by the

*laches* of the plaintiff a loss had been incurred to be borne by some one; and when this appeared, that the law would cast the loss upon the plaintiff, and would work out such a result by making the check operate as a payment of the debt. In the case at bar, there was no *laches* of the plaintiff, in omitting to present the check originally; if there was after the bank failed, and before the action was brought in neglecting to demand payment, and to give notice of the failure of the bank, loss or injury is not to be presumed from such omission to the defendant, but he is bound to establish it. This he has failed to do, and, within the principle of the case last cited, which is directly in point, the plaintiff was entitled to a judgment for his demand.

I am inclined to think that Rogers was not authorized to make an assignment of the demand due the express company; and for this amount the plaintiff cannot recover in this action.

As the plaintiff was entitled to judgment for the amount of a portion of the claim, the report of the referee must be set aside, the judgment entered thereon reversed, and a new trial granted with costs to abide the event.

Judgment reversed.