THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Respondent, *v.* CHARLES W. COLLINS, Appellant.

THIS action was brought to recover the amount of two bills for freight.

On the 4th May, 1868, plaintiff received defendant's check on " H. J. Messenger's Bank " for the amount of said bills, which were thereupon receipted; there was no express agreement that the check should be received as payment. The bank was near the place where the transaction occurred; it remained open that day and for an hour in the evening of the fifth, and then closed, and in the evening of that day the banker, Messenger, made an assignment for the benefit of creditors; the assignment was not recorded or filed; the assignees gave no bonds and did not take possession. On the twentieth Messenger was declared a bankrupt. Plaintiff did not present the check for payment, and did not notify defendant of its non-payment, until about the twentieth. The court found that it was possible, and perhaps probable, that the check might have been collected. The court gave judgment for plaintiff. *Held*, no error; that the debt was not paid by the check. (*Cole* v. *Sackett*, 1 Hill, 516; *Waydell* v. *Luer*, 5 id., 448; S. C., 3 Den., 410; *Hill* v. *Beebe*, 13 N. Y., 556; *Spencer* v. *Ballou*, 18 id., 327; *Bradford* v. *Fox*, 38 id., 289.) That there was no laches in not presenting the check before the bank closed, as plaintiff had the whole of the next

day after receiving it, *i. e.*, of the fifth, in which to present it. (Edw. on Bills, 396; Story on Prom. Notes, 493; Chitty on Bills, 377; *Burkhalter* v. *Second Nat. Bank of Erie*, 42 N. Y., 538; *Smith* v. *Miller*, 43 id., 171.) That the assignment, so far as appears, was valid to place the property out of the control of the assignor and beyond the reach of his creditors, except as they might assail the same in bankruptcy, as, under the act in reference to assignments (chap. 348, Laws of 1860), an assignment properly executed is operative from the time it is made, and the filing, giving bond and other things required are to be done afterward, within the time specified in the act. (*Hardmann* v. *Bowen*, 39 N. Y., 196; *Van Vleet* v. *Slauson*, 45 Barb., 317.) That the finding of the court, as to the probability that the check might have been collected, was not sufficient to defeat a recovery. Defendant was bound to show that, by the *laches* of plaintiff in keeping or dealing with the check, without demand of payment, he had suffered damage; it was not sufficient to show a probability of injury.

The case of *Smith* v. *Miller* (43 N. Y., 171) distinguished in this: That that case was not disposed of upon the rules of law regulating the rights and duties respectively of the drawer and drawee of a check, but upon the rules applicable to one who takes a check for collection, acting for one not a party to it.

*Amasa J. Parker* for the appellant.

*A. J. Northrup* for the respondent.

Earl, C., reads for affirmance.
All concur.
Judgment affirmed.