Earl, Com.
This action was brought both upon the check, and upon the original consideration, and the recovery was had upon the original consideration. It is, therefore, not important to inquire whether a recovery could have been had upon the check. The cause was tried at the circuit before the judge, without a jury, and he found that the check was received by Rogers, plaintiff’s agent, as cash, and in full payment of plaintiff’s demand, but that there was no express agreement that it should be payment, unless upon presentment to the bank it was paid. I suppose it to be settled law in this State, that a debtor’s own note, bill, or check for his debt, will not of itself operate as payment, even when it is expressly agreed to be received as payment (Cole v. Sackett, 1 Hill, 516; Waydell v. Luer, 5 Id. 448; S. C., 3 Denio, 410; Hill v. Beebe, 13 N. Y. 556; Spencer v. Ballou, 18 Id. 327; Bradford v. Fox, 38 Id. 289). But here there was no express agreement, as the judge found that the *50 check should be received as payment. Rogers demanded payment of the bills, and when defendant was about to pay him in currency, said he preferred his check, as it would be less trouble to him. Thereupon the check was given, and the bills were receipted and delivered to the defendant. Upon such a state of facts, there is certainly no authority in this State for holding that the check paid or merged the original debt so that no action could be maintained upon that.
The debt not having been paid by the check, the only remaining question to be considered is, whether the defendant has any other defense, based upon the facts, to a recovery upon the original consideration.
The plaintiff had the whole of the day, May 4,' on which it received the check, and the following day in which to present the same for payment, and was therefore guilty of no laches %in not presenting it for payment before the bank failed (Edwards on Bills, 396; Story on Prom. Notes, § 493; Chitty on Bills, 377; Burkhalter v. Second Nat. Bank of Erie, 42 N. Y. 538; Smith v. Miller, 43 Id. 171).
On the evening of the next day, May 5th, the banker made a general assignment for the benefit of his creditors, and May 20th, he was, upon the petition of some creditors, put into bankruptcy.
Although the assignment was never recorded or filed, and although the assignees gave no bond and did not take possession of the property, yet so far as appears the assignment was valid to place the property of the assignor out of his control and out of the reach of his creditors, except as they might assail the same in bankruptcy. Under chapter 348, of the Laws of 1860, an assignment properly executed is valid and operative from the time it is made, and the making of the inventory and giving of the bond and other things required by the act are to be done afterward within the times mentioned in the act (Hardman v. *51 Bowen, 39 N. Y. 196; Van Vleet v. Slauson, 45 Barb. 317).
Ho further steps were taken under the assignment, because it is probable that proceedings were immediately taken to put the banker into bankruptcy, which resulted in a few days in adjudging him a bankrupt and placing his property in the hands of assignees in bankruptcy.
It is therefore difficult to see how the plaintiff could, at any time after the 5th of May, have enforced the collection of this check out of the banker’s property.
The judge, however, found that it was possible and perhaps probable that the check might have been collected. But this finding was not sufficient to defeat the recovery. The defendant was bound to show that by the laches of the plaintiff in keeping or dealing with the check without a demand of payment or notice to him, he had suffered damage, and then to the extent of such damage the law, to avoid circuity of action, would treat the debt as paid (Bradford v. Fox, supra).
The defendant alleges payment. The giving of the check does not of itself show payment. The defendant was bound to go further and to show that he suffered damage by the laches of the plaintiff. It was not sufficient for him to show that possibly or even probably he was damaged. He was bound to show that he actually was damaged, and that his debt was thus paid. This he failed to do to the satisfaction of the judge who tried the cause, and hence he was properly defeated.
The case of Smith v. Miller (43 N. Y. 171), is claimed by the learned counsel for defendant to be in conflict with these views, and some of the language used by the learned judge who wrote the opinion in that case seems to sustain the claim. But the point *52 decided, and rule applied in that case are in harmony with the law as above announced. In that case the defendants bought goods of the plaintiffs,, and in payment for the same sent them by mail a draft on a Hew York firm. On the same day plaintiffs received the draft, they presented it to the drawees, and took their check upon a bank for the amount, and surrendered the draft. The check was not presented for payment until twelve o’clock of the next day, when payment was refused, the drawees of the check having failed on that morning. The check would have been paid if presented on the day it was received. The draft was not reclaimed by the plaintiffs, and protested for non-payment. They, however, gave the defendants notice of the non-payment of the check, and afterwards sued them for the balance due for the goods sold, and it was held that they could not recover. The case was not disposed of upon the rules of law regulating the rights and duties of drawer and drawee of a check, but upon rules of law applicable to the case of one who holds or takes a check for collection, acting for one not a party to it. It was held that the plaintiffs were guilty of laches, by not presenting the check for payment on the day they received it, and hence that they had made the check their own, and substituted the drawees thereof as their debtors in the place of the defendants. The, plaintiffs were defeated on the ground of laches, causing the defendants damage, but not such laches as would discharge the drawer of a check.
In the case under consideration the defendant did not prove that he sustained any damage from any laches of the defendant, and hence I think the cases are distinguishable.
The judgment should therefore be affirmed with costs.
All concurred.