SAMUEL McBLAIN, AS ASSIGNEE, ETC., APPELLANT, *v.* CHARLES M. SPEELMAN, RESPONDENT.

*General assignment — the assignee acquires title to the property, on its execution and delivery —* 1877, *chap.* 466.

On September thirteenth a general assignment for the benefit of creditors was made, executed, acknowledged and delivered to the plaintiff, the assignee, who, on that day, signed the assignment and acknowledged his execution of the same in acceptance of the trust. Thereafter, and on September fifteenth, the assignment was duly recorded. The plaintiff took possession of the goods on September fourteenth. On the same day an attachment was procured by creditors of the assignor, under which a levy was made the next day, and prior to the time of recording the assignment, upon goods in the possession of the plaintiff, which were subsequently sold under a judgment recovered in the action in which the attachment was issued.

*Held,* that the title to the goods vested in the assignee upon the execution and delivery of the assignment, and that the title of the assignee thereto was prior to that acquired under the attachment.

*Warner* v. *Jaffray* (96 N. Y., 248) followed; *Rennie* v. *Gaige* (24 Hun, 123) overruled.

APPEAL from a judgment in favor the defendant, entered in Yates county upon the decision of the court at circuit, on a trial without a jury.

*F. O. Mason,* for the appellant.

*Samuel R. Stern,* for the respondent.

HAIGHT, J. :

This action was brought on the part of the plaintiff to recover the value of certain goods, which, it is claimed, the defendant unlawfully took from his possession. The facts are undisputed, and are substantially as follows : On the 13th day of September, 1883, the firm of Rippey & Barnes made, executed, acknowledged

and delivered to the plaintiff an assignment of the goods in question, in trust for the benefit of creditors. The trust was duly accepted by the plaintiff, who acknowledged· the same September 13th, and on the 15th day of September, 1883, at eleven o'clock A. M., the assignment was recorded in the office of the clerk of the county, and afterwards and within the time prescribed by statute, the assignee filed his bond, approved by the county judge, and the inventory and schedules required by law. On the 14th day of September, 1883, the plaintiff, as such assignee, took possession of the goods and commenced taking an inventory of the property ; on the same day the firm of Crouse & Walrath procured an attachment against Rippey & Barnes, and on the following day, between the hours of eight and nine o'clock in the forenoon, the defendant, as sheriff of Yates county, by virtue of the attachment, levied upon and took possession of the goods in question, and subsequently they were sold upon an execution issued on the judgment recovered in the action. The attachment papers were served on the plaintiff on the 18th day of September, 1883. No application was made by any one to vacate or modify the attachment, and the same remained in full force and effect until the goods were finally applied by sale on an execution issued on the judgment recovered in the action. The court held and decided that the warrant of attachment under which the defendant seized the property in question was a lien paramount to the title of the plaintiff under the assignment; that the assignment did not vest in the plaintiff the title to the property until recorded.

Prior to the passage of chapter 348 of the Laws of 1860, there can be no doubt but that the title of the assigned property passed to the assignee upon delivery and acceptance by him of the assignment, and we do not think that this act changed the law in that regard. (*Syracuse, B. and N. Y. R. R. Co.* v. *Collins,* 57 N. Y., 641 ; *Brennan* v. *Willson,* 71 id., 502.)

The legislature, by chapter 466 of the Laws of 1877, repealed chapter 348 of the Laws of 1860, and enacted a more complete and perfect law upon the subject, the first section of which provides that the act may be cited for all purposes as the general assignment act of 1877. The second section provides that " every conveyance or assignment made by a debtor of his estate, real or personal, or

both, to an assignee for the creditors of such debtor, shall be in writing and shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds, and every such conveyance or assignment shall be recorded in the county clerk's office of the county where such debtor resided or carried on his business at the date thereof. An assignment by co-partners shall be recorded in the county where the principal place of business of such co-partners is situated. When real property is a part of the property assigned, and is situated in a county other than the one in which the original assignment is required to be recorded, a certified copy of such assignment shall be filed and recorded in the county where such property is situated. The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in or at the end of, or indorsed upon the assignment, and before the same is recorded, and if separate from the assignment, shall be duly acknowledged." Then follow provisions with reference to the making and filing of schedules, giving of bonds, etc.

It is contended on the part of the respondent that all of the requirements of this section must be complied with; that they are prerequisite to the passing of title; that the assignment must not only be in writing and duly acknowledged, but that the assent of the assignee, subscribed and acknowledged in writing, embraced in or at the end of, or indorsed upon the assignment, shall appear, and the assignment shall be recorded.

In the case of *Hardmann* v. *Bowen* (39 N. Y. 196), the plaintiff claimed title to the property through an assignment in trust for the benefit of creditors. The defendant, as sheriff, claimed to hold the property by virtue of a seizure upon an attachment. The assignment was made on the thirty-first of December; the plaintiff took possession on the following day; the assignment was not acknowledged by the assignor when it was delivered, but was proved by a subscribing witness on the third day of January and recorded in the office of the clerk of the county. The sheriff seized the goods by virtue of the attachment on the second day of January. The court held that although the assignment had been executed and delivered to the plaintiff, and he had taken possession of the goods, that the title did not pass to him for the reason that the statute required that the assignment should be acknowledged by the assignor,

and that such acknowledgment was necessary before delivery. This decision was made under the act of 1860, and the court remarks, in answer to the argument, that at common law no acknowledgment was required in order to pass title. That the act was intended to "introduce a new law in regard to assignments. It requires every assignment * * * to be acknowledged before an officer authorized to take acknowledgments before delivery, and the certificate of acknowledgment to be indorsed upon the assignment. The language is peremptory," etc.

In the case of *Britton* v. *Lorenz* (45 N. Y., 51), GROVER, J., in commenting upon the act of 1860, says that the intention of the act "was to prevent fraud by setting up fictitious transfers of property claimed to have been made for the benefit of creditors and by such means prevent its application by the course of law to the payment of the debts of the owner. Such frauds may be practiced with equal success where it is necessary to resort to intrinsic proof to show the trust for creditors, as when such trusts appear upon the face of the instrument," etc.

In the case of *Rennie* v. *Gaige* (24 Hun, 123), the assignment was executed and acknowledged by the assignor on the 18th day of September, 1877, and its acknowledgment was duly certified by a commissioner of deeds on that day. On the following day the assignment was handed to the assignee, who thereupon orally assented to act, and immediately delivered the instrument to the county clerk for record, and on the same day he took possession of the assigned property; after which, and on the same day, the property was seized by the defendant Dunn, as sheriff, under an attachment. Five days thereafter the assignee signed and acknowledged his assent to act as assignee; whereupon the instrument was again recorded in the office of the clerk of the county. The General Term of the Third Department held that the title to the property had not passed to the assignee at the time of the seizure under the attachment, for the reason that the assignee had not accepted the trust in writing as required by the statute. This decision was made under the law of 1877, and the opinion goes to the extent of holding that the assignee must not only accept, but that the assignment must be recorded before title vests in the assignee.

This decision of the Third Department is broad enough to cover

the question we have under consideration, but we are unable to reach the conclusion there expressed in reference to the recording. There is no question but that at common law the title passed on delivery, and the rule is well established that acts in derogation of the common law must be strictly construed. We have looked in vain to find any expression in the general assignment act indicating a change of the rule in this regard. This result appears to have been reached in the case of *Warner* v. *Jaffray* (96 N. Y., 248), and that decision we regard as controlling upon the question. It is true that in that case it was finally disposed of on other questions, but this question appears to have been raised and discussed and under one view of the case was necessary to be decided.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADLEY and CHILDS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.