Hardin, P. J.
Defendant appeared and put in an answer upon the merits, and an order of reference was made.
The case proceeded to hearing before the referee, and the plaintiff’s evidence was given, and the plaintiff rested before any objection to the jurisdiction of the court was taken by defendant, who then, among other grounds, for a non-suit, stated “that plaintiff had not proved that the parties to this action are all residents of the county of Oneida.”
We think the defendant was too late with the objection. Doke v. Miller, 15 Hun, 356 ; Holbrook v. Baker, 16 Hun, 176 ; Potter v. Neal, 62 Howard, 158.
Second. Plaintiff, as general assignee for the benefit of creditors of Casey, by virtue of the assignment, and the acceptance thereof, after due acknowledgment, acquired title to the choses in action of the assignor.
The delivery of the assignment gave title to the plaintiff. R. R. Co. v. Collins, 57 N. Y., 641; Chapter 318 of Laws 1878 ; Warner v. Jaffray, 96 N. Y., 253.
In the case last cited it is said, viz: “ so too if he fails to record the assignment, or to give the bond, he may, under section 6, of the act of 1877, as amended by the act of 1878, be removed by the county judge.”
Besides the defendant did not. set up any defense that the plaintiff had not any legal capacity to sue, or that plaintiff was not the real party in interest. Plaintiff had the title to the causes of action, for which a recovery was allowed.
Third,. It appeared abundantly by the evidence that the plaintiff was the proprietor of the business in which she employed her husband as agent, and that the goods furnished to the men in defendant’s employ were parted with by plaintiff’s assignor upon the credit of the defendant.
We think the evidence to establish such facts, and to apply the orders to the business of the defendant was allowable. Wilson v. Hart, 7 Taunton, 295; Dykers v. Townsend, 24 N. Y., 61.
The complaint was' for goods, wares and merchandise, sold and delivered to various persons who were employed by defendant in her boat and dry dock.” It was sufficiently broad to allow the evidence tending to show that the defendant was the real party contracting with the plaintiff’s assignor, and the evidence supports the findings of the referee in that regard.
■ There was some conflict in the evidence which the referee was called upon to pass upon in ascertaining the amount due to the plaintiff, and upon looking into the evidence, we are not able to say his findings are against the weight of the evidence.
The answer of the defendants sets up a counterclaim of *639 $22.53, and it was allowed to defendant. The defendants* answer contained no demand for interest upon that counterclaim.
It was made up of items, and the evidence did not show that the account had ever been stated, or a demand made for it, and the referee was, therefore, warranted in allowing it at $22.53, and in omitting to allow interest on it.
The report seems to us, to do justice to the parties, and. to accord with the evidence.
Judgment affirmed, with costs.
Follett, and Martin, JJ., concur.