(12 Misc. Rep. 20.)

### GRANT v. MacNUTT.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. CHECK—FAILURE TO PRESENT—LIABILITY OF DRAWER.
    In an action by the holder of a check against the drawer, it need not be alleged and proved that presentment for payment was made and prompt notice of dishonor given to defendant, where at the time the check was given there was not enough money to defendant's credit to pay it, and within the time allowable to the holder to present it the bank failed.

2. BANKS AND BANKING—CLEARING-HOUSE CONTRACT.
    A contract by a bank to pay the checks on another bank presented through the clearing house does not impose on such bank the same liability in regard to such checks as attaches to the bank on which they are drawn.

Action by Hugh J. Grant, as receiver of the St. Nicholas Bank of New York, against Mary J. MacNutt. There was a verdict in favor of plaintiff, and defendant moves for a new trial, by exceptions ordered to be heard in the first instance. Denied.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Albridge C. Smith, for plaintiff.
John Delahunty, for defendant.

BISCHOFF, J. Defendant drew her check for $450 against her account with the Madison Square Bank on August 8, 1893, payable to her own order, and indorsed the same, receiving the amount called for thereby from the Hoffman House, to the credit of whose ac-

count the check was placed with the Seaboard National Bank, and paid to the latter by the St. Nicholas Bank, on the same day, as clearing-house agent for the Madison Square Bank. On the day following, the check was sent by the St. Nicholas Bank to the Madison Square Bank for collection, but was not presented for payment, owing to the fact that the latter institution was on that day insolvent, and in the hands of the state banking department. Notice of the fact that the check was unpaid was sent to defendant by the St. Nicholas Bank about three weeks thereafter, and, upon her subsequent failure to pay the amount, this action was brought by the plaintiff, as receiver of that bank, and a verdict for the amount claimed was directed at the trial, subject to a review of receptions at the general term.

An objection was made that the complaint did not allege, nor was it proven, that presentment for payment had been made and prompt notice of dishonor given to the defendant, and the point is now presented. In view of the further facts alleged in the complaint and proven at the trial, an allegation and proof of presentment and notice were not necessary. A drawer of a check is discharged from liability by reason of the drawee's default if presentment for payment is delayed beyond the space of one day after its delivery (Railroad Co. v. Collins, 57 N. Y. 641; Kelty v. Bank, 52 Barb. 328; Cawein v. Browinski, 6 Bush, 457; Strong v. King, 85 Am. Dec. 336); but, where the drawee suspends payment within the time required for presentment, such presentment and notice of dishonor are not essential in order to charge the drawer (Lovett v. Cornwell, 6 Wend. 370, s. c. affirmed, reported Cromwell v. Lovett, 1 Hall, 64). See, also, Railroad Co. v. Collins, 3 Lans. 29. So, also, where the drawee has no funds of the drawer wherewith to pay the check (Little v. Bank, 2 Hill, 425; Bank v. Broderick, 10 Wend. 304; Murray v. Judah, 6 Cow. 490; Brush v. Barrett, 82 N. Y. 400; Franklin v. Vanderpool, 1 Hall, 88, 3 Am. & Eng. Enc. Law, p. 212, and cases cited; Daniel, Neg. Inst. § 1596); and the same rule properly applies in the case of a partial deficiency of deposit to meet it (Daniel, Neg. Inst. § 1597; Eichelberger v. Finley, 7 Har. & J. 381). Upon the day when the check in suit was drawn, the defendant's account with the Madison Square Bank was credited with but $440.63 (an amount insufficient to meet the check), and that bank had suspended payment within the time allowable to the holder, the St. Nicholas Bank, for presentment. 3 Am. & Eng. Enc. Law, p. 214. Hence the objection was not well founded.

The only other point raised by the defendant, and presented in support of the exception to the denial of the motion for dismissal of the complaint, is that the St. Nicholas Bank, by reason of the contract made with the Madison Square Bank to pay its depositors' checks when presented at the clearing house, practically stood in the shoes of the latter, and that the most which it could demand from the defendant upon this check would be the difference between her deposit with the Madison Square Bank and the amount paid. This position is not tenable. The evidence

utterly fails to support the assumption that, by the contract between the two banks, the St. Nicholas Bank assumed the relation held by the Madison Square Bank to its depositors, or had any claim to funds on deposit with the latter otherwise than as holder of checks drawn against it, which checks in no way effected an assignment to the holder of the depositors' funds in bank. Duncan v. Berlin, 60 N. Y. 151; Attorney General v. Continental Life Ins. Co., 71 N. Y. 331; Risley v. Bank, 83 N. Y. 324; Bank v. Clark, 134 N. Y. 368, 32 N. E. 38. The St. Nicholas Bank assumed merely to meet certain calls upon the Madison Square Bank, by honoring checks drawn upon it, and was secured by a deposit of collateral security, and nothing is found in the relation of the parties which would require the former to relinquish its rights as lawful holder of the checks so received, and look only to this security, which, as a matter of fact, in the present instance, was exhausted upon the day when payment of the check in suit was made. The case of Wheatland v. Pryor, 133 N. Y. 97, 30 N. E. 652, relied upon by defendant, fails in any manner to bear upon the question. In so far as it deals with the existence of commercial paper, that case but applies familiar doctrines, with regard to the transfer and ownership, of a draft, to a state of facts lacking the remotest connection with the situation before us.

Exceptions overruled, and judgment for plaintiff upon the verdict as directed below, with costs. All concur.