(23 Misc. Rep. 147.)

### MURPHY v. LEVY.

(Supreme Court, Appellate Term. March 28, 1898.)

1. **CHECK—DELAY IN PRESENTATION—LIABILITY OF DRAWER.**

Where a check is delivered at the same place where the bank is located, it must, in the absence of special circumstances, be presented during business hours of the next regular day after it is received; and if the holder thereof fails to present it within the time required for payment, and the drawee becomes insolvent, so that the drawer loses the entire amount of the check which he had on deposit to meet it, the latter will be discharged, and, in case part of the money for which the check was given is subsequently paid to the drawer, it will operate as a discharge pro tanto.

2. **SAME—SUBSEQUENT PROMISE TO PAY.**

Where the holder of negotiable paper has been guilty of laches, and that fact appears on the trial in an action against an indorser or a drawer, the holder may recover upon the latter's subsequent promise to pay it, if he shows that such promise was made with full knowledge that there had been want of due presentment and notice.

3. **SAME—CONSIDERATION.**

The fact that the plaintiff in such an action, having parted with such paper, and not being personally liable on it, takes it up on the express promise of the defendant to reimburse him, is sufficient consideration to support the latter's promise.

4. **SAME.**

If, on the other hand, the plaintiff in such a case was liable as an indorser of the check, still if he might have had a defense to an action brought thereon by the indorsee, by reason of the latter's laches in making timely presentation of the check for payment, his waiver of such defense, by taking up the check in reliance upon the defendant's promise to reimburse him, would also show a sufficient consideration.

Appeal from Ninth district court.

Action by Michael Murphy against Benjamin Levy. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Sol Kohn, Joseph Ullman, and Wolf, Kohn & Ullman, for appellant. Robert J. Robeson and Quincey, Wendel & Robeson, for respondent.

GIEGERICH, J. This action was brought upon a check issued by the defendant upon the Murray Hill Bank for the sum of $77, payable to the order of the plaintiff, and bearing date the 8th day of August, 1896. The pleadings were in writing. The complaint averred the making of the clerk on or about August 8, 1896; demand and refusal of payment on or about August 12, 1896, and due notice thereof to the defendant; waiver of due presentment and notice; the collection by the defendant of a portion of the above-mentioned sum; and plaintiff's ownership of said check. The answer admitted the making of the check, but denied plaintiff's ownership thereof, and its due presentment, and averred the insolvency of the drawee, laches in presenting the check for payment, and loss, in consequence thereof, to its full amount. The answer further admitted the collection from the above-mentioned bank of a portion of the amount of the check, and alleged a tender to and refusal by the plaintiff of the same. At the trial the complaint was amended by alleging the failure of the said

bank, and that by reason thereof the necessity for presenting the check was obviated. The answer respecting these matters was amended by denying knowledge or information thereof sufficient to form a belief. Upon the uncontradicted proof, these facts appear: That on Saturday, August 8, 1896, about half past 8 o'clock in the evening, at the city of New York, the check was delivered by the defendant to the plaintiff in payment of ice sold and delivered; that on Monday, August 10th, the latter delivered the check to the Knickerbocker Ice Company in part payment of a debt; that on Tuesday, August 11th, at 11 o'clock in the forenoon, said Murray Hill Bank became insolvent and ceased to do business; that on the following day the check was presented for payment to the said drawee thereof at its place of business in the said city of New York; that the defendant had during the times above mentioned funds on deposit with said bank sufficient to meet the check, which, except as hereafter stated, were lost to him in consequence of the failure to present the check before the bank became insolvent; that the business hours of the bank in question were from 10 a. m. to 3 p. m.; that in September the check was redeemed by the plaintiff, who paid the amount thereof to said Knickerbocker Ice Company, together with $1.30, protest fees; and that the defendant has since collected from the bank 25 per cent. of the amount called for by the check in suit.

The justice, in rendering judgment in favor of the plaintiff for the full amount claimed, decided that the holder of the check had all day Monday and Tuesday, August 10th and 11th, to present the check for payment, and therefore was not guilty of laches, and that on the 12th day of August the defendant "promised to pay plaintiff the amount of the check if the latter would deliver it to him, and that such promise to pay was a waiver of any laches in the presentation and notice of nonpayment, if plaintiff was guilty of any." The plaintiff seeks to uphold the judgment upon the grounds above stated, and there is therefore presented for review the correctness of the position thus assumed by the justice, and so sought to be supported. It is well settled that, where a check is delivered at the same place where the bank is located, it must, in the absence of special circumstances, be presented during business hours of the next regular day after it is received, and if the holder thereof fails to present it within the time required for payment, and the drawee becomes insolvent, so that the drawer loses the entire amount of the check which he had on deposit to meet it, the latter will be discharged. Burkhalter v. Bank, 42 N. Y. 538; Railroad Co. v. Collins, 3 Lans. 29, affirmed 57 N. Y. 641, reported more fully in 1 Abb. N. C. 50; First Nat. Bank v. Fourth Nat. Bank, 77 N. Y. 320; Sylvester v. Crohan, 138 N. Y. 494, 34 N. E. 273; Grant v. MacNutt, 12 Misc. Rep. 20, 33 N. Y. Supp. 62; O'Brien v. Smith, 1 Black, 99; Edw. Bills & N. p. 398; Daniel, Neg. Inst. § 1590; Norton, Bills & N. (2d Ed.) p. 388. In case part of the money for which the check was given is subsequently paid to the drawer, it will operate as a discharge pro tanto. Railroad Co. v. Collins, 3 Lans. 29, 32, and citations; Norton, Bills & N. (2d Ed.) p. 390. Applying these authorities to the facts in the present case, it must be held that the check was presented too late, and therefore the defendant, as

the drawer thereof, was discharged, to the extent of the loss sustained by him by reason of plaintiff's laches, unless, as claimed by the plaintiff, the alleged promise of the defendant to pay the check operated as a waiver of due presentment and notice.     The evidence of such alleged promise is contained in the testimony of the plaintiff, who testified that on Wednesday, August 12th, he had a conversation with the defendant, and the latter said:   "That check will be coming back. Take it up for me, and I will pay you in bills;" that upon such occasion he informed the defendant of the delivery of the check by him to the Knickerbocker Ice Company; that subsequently, some four weeks before the trial, he requested the defendant to make the check good, which the latter refused, he saying "that he would do as the bank did"; that defendant admitted, when such latter interview was had, that he had received from the bank 25 per cent. of the sum deposited with it, and said he would give that to plaintiff, if he wanted it,—without, however, offering the money.     The testimony of the plaintiff as to the alleged promise was contradicted by the defendant, who denied having made such alleged promise; and he further testified that he had no conversation whatever with the plaintiff concerning the check at the time mentioned; that at some time subsequent thereto the plaintiff informed him that the check (which he had with him) had been returned by the said Knickerbocker Ice Company, and that he looked to the defendant for reimbursement; that defendant told him he could not give him the money, and he should look to the bank for it; that plaintiff declined to accept defendant's offer to pay the proportionate amount of the check received from the bank; and that the first knowledge the defendant had of the dishonor of the check was when said Knickerbocker Ice Company demanded payment thereof from him. The rule is well established by adjudications that where the holder of negotiable paper has been guilty of laches, and that fact appears on the trial in an action against an indorser or drawer, the holder cannot recover on a subsequent promise without showing that such promise was made with full knowledge that there has been a want of due presentment and notice.    Meyer v. Hibsher, 47 N. Y. 265; Ross v. Hurd, 71 N. Y. 14; Hazelton v. Colburn, 1 Rob. (N. Y.) 345, and citations. If the defendant knew that the bank had suspended payment four days after the check was delivered to the plaintiff, and yet told the plaintiff that the check would be coming back, it is, to my mind, reasonable to infer that he must have contemplated the fact that there had not been presentment within the day succeeding the delivery.    There was therefore sufficient evidence in the case to warrant the conclusion that the defendant promised to pay the check with full knowledge that there had been a want of due presentment and notice.    While the justice would have been justified, upon the evidence, in finding either way, his determination of this controverted question of fact should not be disturbed, in the absence of the elements which would justify such course on the part of the appellate term.    Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731.    The defendant urges that such promise to pay the check was without consideration, but the contention is not tenable.    If the plaintiff was in no wise liable upon the check, his taking up the same upon the express promise of the defend-

ant to reimburse him is sufficient consideration to support the latter's promise, and is, in my opinion, a proposition too apparent to require the loss of time in discussion.    On the other hand, if the plaintiff was liable as an indorser of the check, still, as he might have had a defense to an action brought thereon by the Knickerbocker Ice Company, by reason of its laches in making timely presentation of the check for payment, his waiver of such defense by taking up the check in reliance upon the defendant's promise to reimburse him would also show a sufficient consideration.

For these reasons the judgment should be affirmed, with costs.    All concur.

