### KRAMER et al. v. GRANT.

(Supreme Court, Appellate Term. June 30, 1908.)

1. APPEAL AND ERROR—RECORD—CONTENTS.

A rubber stamp indorsement and pencil marks erasing the same, on the back of a check introduced in evidence in the court below, cannot be considered on appeal, where there is no evidence in the record explanatory of the indorsement and its cancellation.

2. ATTORNEY AND CLIENT—RETAINER AND AUTHORITY—COLLECTION OF MONEY.

A debtor is justified in paying the amount of the debt to one purporting to act as attorney for the client, where the creditor, on being communicated with by the debtor, informed the debtor that the matter was in the hands of the creditor's attorney.

3. APPEAL AND ERROR—REVIEW—RIGHT TO ALLEGE ERROR—ESTOPPEL.

Where plaintiff, by objecting to the introduction of evidence offered by defendant, prevented defendant from proving the authority of one who purported to act as plaintiff's attorney, he cannot urge on appeal that defendant failed to prove such authority.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3600.]

4. PAYMENT—RECEIPT OF CHECK—EFFECT OF NEGOTIATION.

Though the giving of a check in satisfaction of a debt is no more than a provisional payment, such a payment becomes absolute where the authorized agent of the creditor indorsed the creditor's name on the check and negotiated the same to third persons.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 87, 88.]

5. BILLS AND NOTES—CHECKS—PRESENTMENT FOR PAYMENT.

Delay in the presentment of a check will relieve the drawer from liability, where he has been injured by the delay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1110–1112.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Kramer and another against Floyd Grant. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

George H. Mallory, for appellant.

Charles Dushkind, for respondents.

SEABURY, J. This action was brought to recover for goods sold and delivered. The defendant pleads payment. The defendant communicated with the plaintiff as to the debt, and was informed that the plaintiff had placed the matter in the hands of its attorney. On January 27, 1907, the defendant mailed a check for the amount of the debt to the plaintiff's attorney. This check was received at 9:30 a. m. on January 28, 1907, by a clerk in the office of the plaintiff's attorney. The check was drawn upon the Mechanics' & Traders' Bank, and was made payable to the order of the plaintiffs. The clerk, on receiving the check, indorsed the plaintiffs' name upon it, and also his own name, and delivered it to the attorney for the plaintiffs. The attorney indorsed it, and transferred it to Louis N. Feldman, who also indorsed it. Feldman, so far as the record shows, is a stranger to the transaction. What Feldman did with the check does not appear. On January 30, 1908, the Mechanics' & Traders' Bank closed its doors, and at the time of the trial of this action the check was in the possession of the attorney for the plaintiffs. On the back of the check there is a rubber stamp mark, which is as follows:

"Received payment through New York Clearing House, Jan. 29, 1908. Mechanics' Bank, Seventy-Sixth Ward Branch, Brooklyn, N. Y."

Upon this indorsement there are several blue pencil marks, apparently put there for the purpose of erasing the indorsement. There is no evidence in the record explanatory of the rubber stamp indorsement or of the blue pencil marks. In the absence of any evidence upon the subject, neither the rubber stamp mark nor the blue pencil marks can be considered upon the determination of this appeal.

Although the court erroneously excluded evidence which the defendant offered to show that the plaintiffs' attorney had authority to accept the check, we think that such authority may be implied from the other facts that were proved. When the defendant communicated with the plaintiffs, he was told that the matter was in the hands of their attorney, and this reference to the attorney held him out as having power to act for the plaintiffs. Walsh v. Hartford Fire Ins. Co., 73 N. Y. 10. In view, also, of the fact that the objections of the counsel for the plaintiffs prevented the defendant from proving that the attorney had power to receive the check, the plaintiffs on this appeal cannot be heard to assert that their attorney was without this power. So far as this appeal is concerned, therefore, the plaintiffs' attorney must be regarded as the agent of the plaintiffs, and as acting within the scope of his authority in accepting the check.

As between the plaintiffs and the defendant, the loss resulting from the failure of the bank should fall upon the former. Their agent received the check, and at that time and until the bank closed its doors the account of the defendant in the bank was ample to meet the check. The agent of the plaintiffs did not deliver the check to his principals or deposit it at once for collection. On the contrary, it is evident from the indorsements upon the check that the agent negotiated it. The check, when originally delivered, was merely a provisional payment of the amount due; but when the authorized agent of the plaintiffs indorsed the plaintiffs' name upon it, and their attorney in. turn indorsed and delivered it to some one other than the plaintiffs, that which was given as provisional payment became absolute, and the defendant was relieved of further obligation. It is well settled that delay in the presentment of a check will relieve the drawer from liability, where he has been injured by the delay. 7 Cyc. p. 977; Murphy v. Levy, 23 Misc. Rep. 147, 50 N. Y. Supp. 682; Carroll v. Sweet, 128 N. Y. 19, 27 N. E. 763, 13 L. R. A. 43. In appropriating and negotiating the check, instead of depositing it for collection within 24 hours after it was received, the plaintiffs' agent acted at the risk of his principals, rather than at the risk of the drawer of the check.

Judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.